No. 55,348

STEVEN C. WULFKUHLE, *Appellant*, v. STATE OF KANSAS DEPART-MENT OF REVENUE, JOHN W. SMITH, Driver Control Bureau Chief, *Appellee*.

(671 P.2d 547)

Opinion filed October 21, 1983.

*Steven R. Wiechman,* of Topeka, argued the cause and was on the brief for the appellant.

*David Prager, III,* of Kansas Department of Revenue, argued the cause, and *Alan F. Alderson,* general counsel, and *Steven C. Montgomery,* of Kansas Department of Revenue, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal from a judgment of the Shawnee County District Court upholding the refusal of the State of Kansas Department of Revenue (defendant-appellee) to issue subpoenas to compel the arresting officer and a notary public to appear at a driver's license suspension hearing to verify that a chemical test refusal report was sworn to as required by K.S.A. 1981 Supp. 8-1001. The appellant contends the Depart-

ment's refusal to issue the subpoenas denied him his due process right to confront his accusers.

The parties stipulated to the following facts. Steven C. Wulf-kuhle (plaintiff-appellant) was arrested on May 1, 1982, in Emporia for driving under the influence of intoxicating liquor. The appellant refused to submit to a chemical test to determine the alcohol content in his blood. The arresting officer signed a form entitled "Law Enforcement Officer's Chemical Test Refusal Report," which was notarized and forwarded to the Department of Revenue, Division of Vehicles, in accordance with K.S.A. 1981 Supp. 8-1001(c).

A Driver's License Withdrawal Notice, dated May 25, 1982, was mailed to the appellant by the Department of Revenue. The appellant requested an administrative hearing on the reasonableness of his failure to submit to the test. On May 28, 1982, the appellant requested that the Department issue subpoenas for the arresting officer and notary public who signed the officer's report to compel their attendance at the hearing, as provided by K.S.A. 8-255(b)(Weeks). The Department refused to issue the subpoenas, relying on Attorney General Opinion 82-33, which stated the attendance of the arresting officer was not necessary at the hearing where the sworn report indicated the licensee was capable of making a voluntary response to the request to submit to the test and the officer had reasonable grounds to believe the person was driving under the influence of alcohol. At the hearing on June 8, 1982, it was found the appellant's refusal to take the test was not reasonable and the appellant's driving privileges were restricted for 90 days based upon his refusal to submit to the test.

The appellant filed a petition in the Shawnee County District Court on June 24, 1982, pursuant to K.S.A. 8-259 (Weeks), contending the appellee's refusal to subpoena the arresting officer and notary public violated his constitutional right to face and examine his accuser, and was arbitrary, capricious and without legal authority. The appellant did not request that the judge authorize subpoenas for the arresting officer or notary public for purposes of a trial de novo, nor were any underlying factual issues raised. The district court sustained the Department of Revenue's motion for summary judgment, finding the appellant could not mount a collateral attack on the procedures utilized in

the administrative hearing where he had an opportunity to appeal the administrative determination and receive a trial de novo in district court on the issue of the reasonableness of his refusal to submit to the chemical test. The appellant has duly perfected this appeal.

The question presented before this court is whether the Department of Revenue, Division of Vehicles, is required to issue subpoenas when requested by the licensee to compel the arresting officer, notary public and other relevant witnesses to appear at a hearing conducted pursuant to K.S.A. 8-255(*b*) (Weeks) to establish that the chemical test refusal report was sworn to as required by K.S.A. 1981 Supp. 8-1001 or to be examined concerning the reasonableness of the licensee's refusal to submit to the test. The appellant's arrest, administrative hearing and the filing of the petition in the district court occurred prior to the effective date of 1982 Senate Bill No. 699 (L. 1982, ch. 144) which revised the statutory scheme governing alcohol or drug-related traffic offenses and penalties therefor, including K.S.A. 8-255 (Weeks) and K.S.A. 1981 Supp. 8-1001. At the time of the appellant's arrest, K.S.A. 1981 Supp. 8-1001(*c*), which establishes the administrative procedures to be followed when a driver refuses to take a chemical test, read:

"(*c*) If the person so arrested refuses a request to submit to a test of breath or blood, it shall not be given and the arresting officer shall make to the division of vehicles of the state department of revenue a sworn report of the refusal, stating that prior to the arrest the officer had reasonable grounds to believe that the person was driving under the influence of intoxicating liquor. Upon receipt of the report, the division immediately shall notify such person of his or her right to be heard on the issue of the reasonableness of the failure to submit to the test. If, within twenty (20) days after receipt of said notice, such person shall make written request for a hearing, the division shall hold a hearing within the time and in the manner prescribed by K.S.A. 8-255. Notice of the time, date and place of hearing shall be given to such person by restricted mail, as defined by K.S.A. 60-103, not less than five (5) days prior to the hearing. If a hearing is not requested or, after such hearing, if the division finds that such refusal was not reasonable, and after due consideration of the record of motor vehicle offenses of said person, the division may suspend the person's license or permit to drive or nonresident operating privilege for a period of not to exceed one (1) year."

The amended statute provides that the hearing shall be conducted in the county where the violation occurred, or a county adjacent thereto. K.S.A. 8-255(*b*) (Weeks) provided in pertinent part:

"(b) Upon suspending or revoking the license of any person as authorized by this act, the division immediately shall notify the licensee in writing, and upon his or her written request, shall afford such person an opportunity for a hearing as early as practical within not to exceed (30) days after receipt of such request. Said hearing shall be held in the licensee's county of residence or a county adjacent thereto, unless the division and the licensee agree that such hearing may be held in some other county. Upon such hearing, the director or the director's duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require an examination or reexamination of the licensee. Upon such hearing, the division either shall rescind its order of suspension or, good cause appearing therefor, may extend the suspension of such license or modify the terms thereof or revoke such license."

This statute was not materially changed by the 1982 amendments.

While the precise issue presented in this case has not previously come before this court, two rules regarding the hearing prescribed by 8-255 and 8-1001 have been established. Where a licensee refuses to submit to a chemical test 8-1001 establishes the right to a hearing to determine "the reasonableness of the failure to submit to the test." The court in *Marbut v. Motor Vehicle Department*, 194 Kan. 620, 624, 400 P.2d 982 (1965), noted this is the sole issue to be decided at the administrative hearing. Likewise, this is the only issue to be decided by the district court when it conducts a de novo review pursuant to 8-259. *Lira v. Billings*, 196 Kan. 726, 730, 414 P.2d 13 (1966).

This court has also examined the language contained in 8-1001(c) requiring the refusal report by the arresting officer to be a "sworn report." In *Wilcox v. Billings*, 200 Kan. 654, 658-59, 438 P.2d 108 (1968), it was stated:

"Thus we see that under 8-1001, once the report is received and no further action is taken by the licensee, revocation becomes automatic. The report from the arresting officer is the basis for such revocation. What kind of report? The language of the statute is explicit—a sworn report. This report puts in motion the revocation procedure. Under other statutes (K.S.A. 21-701 and 54-105) false swearing in such matters is made criminal. False accusations may not be made with impunity. The provision for a sworn report then does afford some measure of reliability and some protection to the licensee against unwarranted accusation, and the jurat imports authenticity to the item to which it is affixed.

"Certainly one purpose of 8-1001 is to provide a fair and reliable method for determining whether a license to drive should be revoked. Essential to that purpose, the legislature must have deemed it important that a report which could become the sole basis of a revocation of a driver's license be sworn to. We doubt if the legislature ever intended such drastic action should be taken on an

unsworn averment alone. The very nature of the proceedings emphasizes this conclusion.

"We therefore hold that the provision in 8-1001 for a *sworn* report of refusal is mandatory. It is essential to the validity of the subsequent proceedings for suspension and revocation of a driver's license that the report submitted to the motor vehicle department be sworn to, and further, where the report is not in fact sworn to, the subsequent proceedings are void."

While the report in that case was notarized and appeared on its face to be sworn to, much like the report in the instant case, during trial the officer who signed it and the officer who affixed the notarial seal to the report both testified the report was not in fact sworn to.

The requirement that the report be sworn to is jurisdictional. Where the validity of the verification of the refusal report is challenged by the licensee the Department of Revenue is required to issue subpoenas to compel the attendance of the arresting officer and notary public at the suspension hearing to verify the report was sworn to as required by 8-1001 to establish that the Department of Revenue has jurisdiction to conduct the license suspension hearing. Where the validity of the verification is not challenged, however, a report which states on its face it is sworn to is considered valid and creates the presumption that the refusal to take the chemical test was unreasonable.

The Department of Revenue contends that since the reasonableness of the refusal is the only issue to be determined at the administrative hearing the jurisdictional requirement of whether the report has been "sworn to" can be considered only by the district court on a de novo review. This position overlooks the holding in *Wilcox v. Billings* that "where the report is not in fact sworn to, the subsequent proceedings are void." Where the administrative body lacks jurisdiction because the report is not in fact sworn to, the district court likewise lacks jurisdiction and its proceedings are void. It is generally recognized where there is a provision for adequate judicial review, an administrative agency has initial power to determine whether it has jurisdiction in a particular case. 2 Am. Jur. 2d, Administrative Law § 332 states:

"It is a general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as

to authorize the agency to act—that is, to determine the coverage of the statute—and this question need not, and in fact cannot, be initially decided by a court. However, an administrative agency's determination as to its jurisdiction is not conclusive upon the courts. It is a judicial function finally to decide the limits of the statutory power of an administrative agency."

The Department of Revenue draws our attention to cases which have held a trial de novo cures constitutional defects in previous lower level proceedings. See, *e.g., Ludwig v. Massachusetts,* 427 U.S. 618, 49 L.Ed.2d 732, 96 S.Ct. 2781 (1976); *Bell v. Burson,* 402 U.S. 535, 29 L.Ed.2d 90, 91 S.Ct. 1586 (1971). The district court, however, cannot create jurisdiction where its proceedings are void because no jurisdiction existed on the administrative level. Common sense and fair play dictate that where the issue of jurisdiction is raised it should be determined at the administrative level in the first instance, rather than continuing proceedings which may later be found to be void by the district court on review because jurisdiction was lacking at the administrative level.

The appellant also contends the Department of Revenue's refusal to issue the subpoenas violated his constitutional right to examine his accusers on the issue of the reasonableness of his refusal to submit to the chemical test. This court has recognized in numerous cases the right to cross-examine witnesses testifying at administrative hearings of a "quasi-judicial" character is an important requirement of due process. See, *e.g., Suburban Medical Center v. Olathe Community Hosp.,* 226 Kan. 320, 330, 597 P.2d 654 (1979); *Santee v. North,* 223 Kan. 171, Syl. ¶ 2, 574 P.2d 191 (1977); *Smith v. Miller,* 213 Kan. 1, 11-14, 514 P.2d 377 (1973); *Adams v. Marshall,* 212 Kan. 595, Syl. ¶ 4, 512 P.2d 365 (1973). An administrative board or officer performs a quasi-judicial function when empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature. *Thompson v. Amis,* 208 Kan. 658, 663, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972); *Adams v. Marshall,* 212 Kan. 595, Syl. ¶ 1.

There can be little doubt the driver's license revocation hearing is quasi-judicial in nature. The hearing officer is authorized to weigh the evidence presented and determine whether or not the driver's refusal was reasonable. Based upon this determination the driver's license may be suspended or revoked. In *Lira v. Billings,* 196 Kan. at 731, the court recognized "[w]eighing

evidence and determining questions of reasonableness have always been regarded as judicial functions." The Department of Revenue's statutory power to subpoena witnesses, administer oaths, and enforce its subpoena power through the use of contempt penalties (K.S.A. 8-255[c]), further strengthens the conclusion that the hearings at issue are quasi-judicial.

The only limitation on the right to cross-examination in quasi-judicial administrative hearings is found in *Smith v. Miller*, 213 Kan. at 13, where it was held the use of affidavits was not objectionable when the testimony is of minor importance or of a cumulative nature. In the type of hearing at issue here the arresting officer's testimony is of prime importance, and is not cumulative, because the testimony of the officer is likely to be the only evidence at the hearing that the refusal to submit to the chemical test was unreasonable.

The necessity of cross-examination of the arresting officer on the issue of reasonableness of the refusal is readily apparent. The officer's report itself, absent the officer's testimony, will ordinarily be the only evidence presented by the State to establish the unreasonableness of the refusal to take the chemical test. The instant case demonstrates the filing of such a report creates a presumption that refusal to take the chemical test was unreasonable. The report contains three "statements of fact" which do not deal with the "reasonableness" of the refusal. The first states the officer had reasonable grounds to believe the person was operating a vehicle under the influence of alcohol. The second states the arrest was lawful and the person refused the test. The third states that, to the best of the officer's knowledge, the refusal was knowing, intelligent, free and voluntary. Such a refusal could be either reasonable or unreasonable. Cross-examination might reveal the facts upon which the officer relied in making these statements of fact, and, in a given situation, these statements could be brought into serious doubt through cross-examination. Without cross-examination, the hearing board has before it an unimpeachable report as evidence against the word of a self-interested licensee. The result is predictable. Furthermore, as heretofore discussed, absent cross-examination the report is accepted as being sworn to based on what appears on its face.

The Department of Revenue contends the language in 8-255 makes the issuance of subpoenas entirely discretionary, relying on the part of that statute which reads:

"Upon such hearing, the director or the director's duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require an examination or reexamination of the licensee."

When read as a whole, however, the statutory language appears to grant power to the Director of Vehicles to administer oaths and subpoena witnesses, rather than establish that the exercise of that power is entirely discretionary. Assuming the issuance of subpoenas is a discretionary function, where the attendance of the arresting officer or other relevant witnesses is requested by the licensee to establish the validity of the verification of the refusal report or the reasonableness of the licensee's refusal to submit to the chemical test, the refusal to issue subpoenas to compel the attendance of those witnesses at the hearing is an abuse of the agency's discretion. This does not suggest, however, that the licensee's right to have witnesses subpoenaed for the hearing is unlimited. The Director of Vehicles is entitled to exercise his discretion to limit the subpoenas issued to those persons whose testimony is relevant to the issues to be determined at the hearing.

It is worth noting in addition that 1982 Senate Bill No. 699 amended 8-1001(c) to change the place of the hearing from the violator's county of residence to the county where the violation occurred, or an adjacent county. See K.S.A. 8-1001(c). While the relevant legislative committee minutes do not reveal a reason for this change, common sense suggests the legislature intended for the arresting officer to be called to testify at the hearing and the change was made to make it more convenient for the arresting officer and other local witnesses to attend when subpoenaed to testify.

The Department of Motor Vehicles relied on Attorney General Opinion 82-33 in declining to subpoena the police officer and notary public, which concluded that where the only issue to be determined at the hearing is the reasonableness of the refusal, the officer need not appear. While an opinion of an attorney general may be persuasive it is neither conclusive nor binding. *Greenwood v. Estes, Savings & Loan Commissioner,* 210 Kan. 655, 661, 504 P.2d 206 (1972); *Moore v. City of Lawrence,* 232 Kan. 353, 362, 654 P.2d 445 (1982). We are not persuaded by the

Attorney General Opinion because it is devoid of any due process analysis regarding the right to cross-examine adverse witnesses and does not indicate how the police officer's report is determinative of the issue of reasonableness, although it draws the conclusion that it is.

Other matters raised by the Department of Revenue in support of a contrary conclusion have been considered but do not merit further discussion.

The judgment of the lower court is reversed and the case remanded with directions to proceed in accordance with the views herein expressed.

PRAGER and HERD, JJ., not participating.