(713 P.2d 490)
No. 57,934

MICHAEL D. DEWEY, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee*.

Opinion filed January 30, 1986.

*Allen B. Angst*, of Thompson, Thompson & Angst, of Abilene, for appellant.

*Brian Cox*, of the Kansas Department of Revenue, of Topeka, for appellee.

Before PARKS, P.J., REES, J., and STEPHEN D. HILL, District Judge, assigned.

REES, J.: In this driver's license suspension case, plaintiff Michael D. Dewey appeals a district court judgment, entered upon a directed verdict, affirming the Division of Vehicles' suspension of Dewey's driver's license for 120 days for refusal to submit to a chemical test for alcohol. We find the dispositive issue on appeal is whether the district court erred in finding that the chemical test refusal report was properly "verified on oath" as required by K.S.A. 8-1001(c). We reverse.

The pertinent facts may be briefly stated. The Division of Vehicles ordered suspension of Dewey's driving privileges for his failure on October 13, 1984, to submit to a chemical test for alcohol. Dewey timely appealed to the district court, raising, among other questions, the issue whether the arresting officer's chemical test refusal report was "verified on oath."

Prior to commencement of the district court hearing, Dewey moved to dismiss. Outside the presence of the jury, the arresting

officer and the notary public testified that the officer signed the refusal report in the presence of the notary, who then affixed her signature to the report form. The notary did not require the officer to swear to the statements in the report; the officer made no verbal statement swearing to the truth of the written statements in the report. The officer did not know that words on the refusal report form recited that he swore to the truthfulness of his statements. Even though the officer understood he was obligated to tell the truth, there was no evidence to show the officer intended himself to be under oath in making and subscribing to the statements in the report. The district court found the refusal form "was sufficiently and appropriately notarized and satisfies the requirements." It thus overruled Dewey's motion to dismiss.

The Kansas implied consent statute, K.S.A. 8-1001(c), provides that if a person fails to submit to a requested chemical test for the detection of alcohol, "[t]he arresting officer shall make a report *verified on oath* to the division of vehicles of the refusal." (Emphasis added.)

The parties concede that two Kansas cases have addressed the issue under earlier and, for our purposes, substantially similar versions of K.S.A. 8-1001 and have held that the requirement of a *sworn* refusal report is mandatory and jurisdictional as to the entirety of an individual's driver's license suspension proceeding. *Wulfkuhle v. Kansas Dept. of Revenue*, 234 Kan. 241, 244-45, 671 P.2d 547 (1983); *Wilcox v. Billings*, 200 Kan. 654, 658-59, 438 P.2d 108 (1968). See also *Carson v. Division of Vehicles*, 237 Kan. 166, 167, 699 P.2d 447 (1985).

Where the parties differ is in the form of the swearing or oath that is required. Dewey argues that the notary public was required to administer to the arresting officer the oath as dictated in K.S.A. 54-101 *et seq.*; that is, by laying the right hand upon the Bible or by uplifting the right hand (K.S.A. 54-102) or by affirming (K.S.A. 54-103). The Division, on the other hand, relying on a line of criminal cases, argues the mere signing of the form affidavit in the presence of a notary or other official authorized to administer an oath is sufficient, absent clear proof that the ceremony, or lack of ceremony, was designed by the participants to leave the arresting party unsworn. *State v. Seven Slot Machines*, 203 Kan. 833, 840, 457 P.2d 97 (1969), *cert. denied* 396 U.S. 1037 (1970); *State v. Anderson*, 178 Kan. 322, 327-28, 285

P.2d 1073 (1955); *State v. Kemp*, 137 Kan. 290, 292-93, 20 P.2d 499 (1933). The Division further argues that the sworn statements of an arresting officer given at the administrative hearing may adequately substitute for a sworn refusal report and that Dewey, having failed to raise the issue before the hearing officer, is precluded from later raising it by application of the doctrine of exhaustion of administrative remedies.

In *Wilcox v. Billings*, 200 Kan. at 658-59, it is said:

"Certainly one purpose of 8-1001 is to provide a fair and reliable method for determining whether a license to drive should be revoked. Essential to that purpose, the legislature must have deemed it important that a report which could become the sole basis of a revocation of a driver's license be sworn to. We doubt if the legislature ever intended such drastic action should be taken on an unsworn averment alone. The very nature of the proceedings emphasizes this conclusion."

We are convinced that the import of *Carson, Wulfkuhle* and *Wilcox* is that the arresting officer must actually swear to the chemical test refusal report according to the statutory ceremony set forth in K.S.A. 54-101 *et seq.* We have no quarrel with the authorities cited by the Division; they do not, however, involve chemical test refusal reports serving as the basis of driver's license suspension proceedings. Moreover, the plain language of K.S.A. 8-1001 requires that proceedings for the suspension of an individual's driver's license be based upon a chemical test refusal report verified on oath; sworn testimonial statements at the administrative hearing or district court trial do therefore not suffice. Nor do we believe that Dewey is barred from judicial relief because of a failure to exhaust available administrative remedies; to the contrary, the issue Dewey raises is a question of jurisdiction which may be raised at any time. *Dick v. Drainage District No. 2*, 187 Kan. 520, 524-25, 358 P.2d 744 (1961).

Our decision to reverse is bolstered by our observation that the 1985 Legislature revised K.S.A. 8-1001 and K.S.A. 8-1002. L. 1985, ch. 48, §§ 3-4; L. 1985, ch. 50, §§ 1-2. L. 1985, ch. 50, § 2 requires only that the law enforcement officer's certification be signed and the revised statutory language explains that:

"[C]ertification shall be complete upon signing, and *no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required.* Any copy or photostatic reproduction of a law enforcement officer's signed certification shall be admissible in evidence in all proceedings brought pursuant to this act,

and receipt of any such copy or reproduction shall accord the department authority to proceed as set forth herein." (Emphasis added.)

L. 1985, ch. 48, § 4 has added that:

"Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B misdemeanor."

When the Legislature revises a prior existing law, it is presumed that the Legislature intended to make some change in the law as it existed prior to the amendment. *Curless v. Board of County Commissioners*, 197 Kan. 580, 587, 419 P.2d 876 (1966). We believe the 1985 Legislature obviously intended to address the law as it stood after *Wilcox, Wulfkuhle* and *Carson*, and which, as it applies to this plaintiff, is that the report must be verified by oath—sworn to according to K.S.A. 54-101 *et seq.*

We note that our decision does not automatically render invalid chemical test refusal reports not in fact sworn to according to K.S.A. 54-101 *et seq.* Where the validity of the verification is not challenged, a report which states on its face that it is sworn to is to be considered valid and creates the presumption that the refusal to submit to the chemical test was unreasonable. *Wulfkuhle v. Kansas Dept. of Revenue*, 234 Kan. at 245.

In this case, since the uncontroverted evidence established the refusal report was not in fact sworn to, the district court erred in failing to rule that the Division had no jurisdiction to suspend Dewey's privileges granted by the issuance of his driver's license.

Reversed.