(729 P.2d 461)

No. 58,589

In the Matter of the Driving Privileges of DEBRA K. HAMSTEAD.

Opinion filed December 4, 1986.

*Brent I. Anderson,* of Wichita, for appellant.

*James G. Keller,* of Kansas Department of Revenue, of Topeka, for appellee.

Before BRISCOE, P.J., BRAZIL and DAVIS, JJ.

DAVIS, J.: Petitioner, Debra K. Hamstead, appeals the district court's decision upholding the Department of Revenue's order suspending her driver's license for 120 days for refusing to submit to a chemical test for alcohol content of blood. K.S.A. 8-1001.

At approximately 2:30 a.m. on November 11, 1984, petitioner was driving towards Haysville, Kansas. As she entered the city limits, Officer Phil Gloshen of the Sedgwick County Sheriff's Department approached from the opposite direction. He flashed his headlights, signaling petitioner to dim her lights. Petitioner did not respond because, according to her testimony, she did not have her bright lights on "and for some reason, my headlights have a tendency to shoot up, even though the high beams aren't on." Officer Gloshen again flashed his headlights and passed.

Officer Gloshen stopped petitioner because she failed to dim her headlights. He smelled an odor of alcoholic beverage and asked if she had been drinking. Petitioner told him she had drunk two beers.

After conducting field sobriety tests, Officer Gloshen arrested petitioner for driving under the influence, read her *Miranda* warnings, and asked if she would like to talk. When she said

"No," he read the warnings suggested in *Standish v. Department of Revenue*, 235 Kan. 900, 683 P.2d 1276 (1984), and requested that she take a breathalyzer test. Petitioner did not exhibit any confusion or ask for clarification. Officer Gloshen described her response as follows:

"I sat there after I had read both the Miranda warning and the Standish warning, and looked at Debbie, and Debra did not make any statement at all. I then sat there for a couple of minutes and I asked again if Debra would take the breathalyzer test. Debra again refused to talk to me. I sat there for another couple of minutes, then I turned around while I was filling out the Miranda warning paper and everything, which is right here. I again asked her, she stated 'No,' there was no statement whatsoever that she would take a test or not. I made the statement to Officer Kinney in the back, 'We'll have to accept that as a refusal and transport her in.' "

Officer Gloshen stated that he gave petitioner approximately a minute to respond to his first request to take the test and approximately a half a minute to answer his second request. Petitioner, however, claimed that Officer Gloshen did not read the *Standish* warnings and that only five seconds passed before he turned to Officer Kinney and said, "Take that as a refusal."

The trial court found that Officer Gloshen had reasonable grounds to believe that petitioner had been driving under the influence and that he read her the *Standish* warnings. The court further found that by her silence petitioner refused to submit to the breathalyzer test and that her refusal was unreasonable.

Petitioner first claims that Officer Gloshen engaged in an unlawful act by flashing his headlights at her oncoming vehicle and that he stopped her because she refused to do the same. Petitioner argues that to reward the officer's unlawful conduct by concluding that he had reasonable cause to stop the defendant would be "bad public policy."

Petitioner did not raise this argument below, and the court need not consider it on appeal. *Lostutter v. Estate of Larkin*, 235 Kan. 154, 166, 679 P.2d 181 (1984). We, however, pause to emphasize that the argument is without merit. The officer's conduct on the evening in question was both lawful and reasonable.

Second, although petitioner concedes that in Kansas a driver can refuse to take a chemical test simply by remaining silent, she claims that Officer Gloshen did not give her a "realistic chance" to respond and that her failure to agree to take the test was

reasonable. Evidence on the amount of time given petitioner to respond was controverted. The trial court chose to credit Officer Gloshen's version of the events. We will not weigh evidence or pass upon the credibility of witnesses on appeal. *Toumberlin v. Haas*, 236 Kan. 138, Syl. ¶ 5, 689 P.2d 808 (1984).

Although appellate courts in this state have not addressed directly the issue of whether a driver can refuse to take a chemical test simply by remaining silent, in *Standish v. Department of Revenue*, 235 Kan. 900, the court held that "[a] conditional response such as, 'I want to talk to my attorney (or parent or relative or friend or some other third person) first,' is not a *consent* to take the test. It is a refusal." 235 Kan. at 903.

Silence has been held to constitute a refusal to submit to testing in other jurisdictions. See *Lampman v. Department of Motor Vehicles*, 28 Cal. App. 3d 922, 105 Cal. Rptr. 101 (1972); *Gabrick v. Commissioner of Public Safety*, 393 N.W.2d 23 (Minn. App. 1986); *Anderson v. Commissioner of Public Safety*, 379 N.W.2d 678 (Minn. App. 1986); *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo. 1975); *Beck v. Cox*, 597 P.2d 1335 (Utah 1979).

We hold that defendant's silence in this case was an express refusal to submit to the test. We will not disturb the trial court's finding when supported by substantial competent evidence.

Third, petitioner contends that Officer Gloshen's failure to allege specific facts in the chemical test report to support his conclusion that he had reasonable grounds to arrest her for driving under the influence deprived the Department of Revenue and the trial court of jurisdiction. Petitioner relies upon *Carson v. Division of Vehicles*, 237 Kan. 166, 699 P.2d 447 (1985). In *Carson*, however, the court held that a chemical test report identical to that used in this case was sufficient to commence administrative proceedings, even though as a matter of due process it could not form the sole basis for suspension of a driver's license. 237 Kan. at 173. In this case, unlike *Carson*, the officer appeared and testified both in the administrative hearing and before the district court. Petitioner's claim of error is without merit.

Finally, petitioner claims that allegedly false statements made by Officer Gloshen in the chemical test refusal report deprived the Department of Revenue and the trial court of jurisdiction.

Petitioner's attack is threefold. First, she contends that Officer Gloshen falsely swore in the affidavit that she "expressly refused" a breathalyzer test when in fact she remained silent. In making this argument, she wrongly assumes that silence is not a form of expression. Officer Gloshen was not wrong when he concluded that petitioner "expressly refused" to take the test.

Second, petitioner argues that Officer Gloshen's conclusion that she made a knowing, intelligent, free, and voluntary response to his request that she take a test is false because he gave her only seconds to respond. As discussed above, the trial court credited Officer Gloshen's testimony that he gave petitioner several opportunities to reply. We accept the trial court's finding.

Third, petitioner argues that the refusal report is void because Officer Gloshen could not recall swearing to it. A report verified on oath is a jurisdictional prerequisite to license suspension. See K.S.A. 8-1001(c). *Wilcox v. Billings*, 200 Kan. 654, 659, 438 P.2d 108 (1968); see also *Wulfkuhle v. Kansas Dept. of Revenue*, 234 Kan. 241, 671 P.2d 547 (1983); *Dewey v. Kansas Dept. of Revenue*, 11 Kan. App. 2d 72, 713 P.2d 490 (1986).

The record contains ample evidence and casts little doubt on the regularity and authenticity of the verification subscribed to in the report. Although on cross-examination Officer Gloshen could not remember swearing to the refusal report, on redirect he stated that he verified the report on oath. He testified that at the time the report was made it was his practice to take refusal reports before a notary and swear an oath. Officer Gloshen's testimony was sufficient to establish that the report had been verified on oath.

Affirmed.