(824 P.2d 211)

No. 65,55█

RAYMOND B. LUND, *Appellee*, v. KANSAS DEPARTMENT
OF REVENUE, *Appellant*.

Opinion filed August 2, 1991.

*J.D. Befort*, legal intern, and *Brian Cox*, of legal services bureau, for the appellant.

No appearance for appellee.

Before BRISCOE, C.J., BRAZIL, J., and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: The Kansas Department of Revenue (KDR) appeals the decision of the district court setting aside the agency's order suspending Raymond B. Lund's driving privileges. The central issue on appeal is whether Lund refused to take a blood test. We reverse and remand with directions to reinstate the agency's order.

The underlying facts are not in dispute. On March 11, 1989, Lund was arrested for driving while under the influence, in violation of K.S.A. 1988 Supp. 8-1567. The arresting officer took

Lund to a local hospital for a blood test. Oral and written notices required under K.S.A. 1988 Supp. 8-1001(f)(1) were given.

Lund contended before both the administrative hearing officer and the district court that his reading of the notice led him to believe the arrestee, rather than the arresting officer, may select the test to be given. Lund testified at trial as follows:

"Q. I asked him—Well I said that, 'This first line says that Kansas law says you can take one of three tests.' And I said, 'I'd like to take the breath test.'

"A. And what'd he say?

"A. And he says, 'No, you're going to take the blood test.' And I said, 'Well, it says right here that you can take one of the three.' And he said, 'Are you going to take the blood test?' And I says, 'I want to take a breath test.' And then he asked me, 'Yes or no? Are you going to take the blood test?' And I said, 'No, not if I can take a breath test.' And he didn't say anymore to me. He wrote something down and he thanked the nurse, and we left the hospital. I assumed we were going to take a breath test. I had every intention of taking that test—

. . . .

"A. —if I would have understood what was going on."

Based upon the above responses by Lund, the arresting officer certified Lund's refusal to submit to the requested blood test and, as a result, Lund's driving privileges were suspended. Lund appealed to the district court and the court held Lund's actions and statements did not constitute a refusal and set aside the suspension order.

Our standard of review is whether there is substantial competent evidence in the record to support the decision of the district court. Thus, we must accept as true the evidence and all inferences to be drawn therefrom which support or tend to support the findings of the district court and disregard conflicting evidence or other inferences. *DeGraeve v. Southwestern Bell Tel. Co.*, 9 Kan. App. 2d 753, 756, 687 P.2d 1380, *rev. denied* 236 Kan. 875 (1984).

We apply, as did the district court, K.S.A. 1988 Supp. 8-1001 and 8-1002 in analyzing the issue. Kansas law provides that the arrestee shall be requested to submit to a blood, breath, or urine test. Selection of the test is by the arresting officer, not the arrestee. K.S.A. 1988 Supp. 8-1001(f)(1). It is further stated that it is not a defense that the arrestee did not understand the

required written or oral notice. K.S.A. 1988 Supp. 8-1001(f)(3). If a test is requested by the arresting officer and results in refusal by the arrestee, suspension proceedings are put into motion. K.S.A. 1988 Supp. 8-1002. These provisions bring into sharp focus what should or should not be considered by a court in such cases as the one at hand.

An arguably implicit issue as to the reasonableness of Lund's refusal has been previously considered by this court and held to be without merit. *Woodhead v. Kansas Dept. of Revenue*, 13 Kan. App. 2d 145, 765 P.2d 167 (1988). The word "refusal" is not defined by statute or by administrative regulation. However, there is a growing body of case law that is instructive.

In *Standish v. Department of Revenue*, 235 Kan. 900, Syl. ¶ 2, 683 P.2d 1276 (1984), the Supreme Court held: "A conditional response such as, 'I want to talk to my attorney (or parent or relative or friend or some other third person) first,' is not a consent to take a breath or blood test. It is a refusal." In *In re Hamstead*, 11 Kan. App. 2d 527, Syl. ¶ 1, 729 P.2d 461 (1986), this court stated: "A driver's silence when requested to submit to a chemical test for alcohol content of blood may constitute an express refusal to submit to the test."

In construing their implied consent law, other jurisdictions have held the consent to take a test must be both unqualified and unequivocal; otherwise, an individual is deemed to have refused. *Webb v. Miller*, 187 Cal. App. 3d 619, 626, 232 Cal. Rptr. 50 (1986) ("*conditional* consent to a test constitutes a refusal"); *Clontz v. Jensen*, 227 Neb. 191, 195, 416 N.W.2d 577 (1987) ("less than an unqualified, unequivocal assent . . . constitutes a refusal"); *Wenger v. Com. of Pa.*, 107 Pa. Commw. 20, 23, 527 A.2d 1071 (1987) ("unequivocal consent" required).

The district court found Lund's statements did not constitute a refusal. Based upon the above authorities and the evidentiary record before us, we conclude there is insufficient evidence to support this finding. Lund qualified his consent with the requirement that he be given the breath test if possible. The arresting officer specifically stated, "No, you're going to take the blood test." Lund persisted and the arresting officer deemed his continuing conditional responses to be a refusal. The officer was justified in concluding Lund did not give an unqualified and

unequivocal assent to take the requested test and he properly certified a refusal.

We note the district court's partial reliance on the failure of the arresting officer to re-explain the meaning of the statutory notice to Lund based upon his apparent misunderstanding as to who had the right to select the test to be given. "One of the more common rules of statutory interpretation is that the mention or inclusion of one thing implies the exclusion of others." *State v. Wood*, 231 Kan. 699, Syl. ¶ 3, 647 P.2d 1327 (1982). The arresting officer had no statutory duty to make certain the arrestee understood the written and oral notices. Such a requirement would place an unreasonable burden upon law enforcement officers. Lund repeatedly gave qualified or equivocal responses to the arresting officer. At that point, there was a refusal and the officer was under no duty to give further explanation.

Reversed and remanded with directions to the district court to reinstate the order suspending Lund's driving privileges.