William M. Tuley General Counsel Johnson County Park and Recreation District 8655 College Blvd. Overland Park, Kansas 66225
Dear Mr. Tuley:
As general counsel for the Johnson county park and recreation district you request our interpretation of K.S.A. 19-2868(i). Specifically your questions are:
 "1. If the Johnson County Park and Recreation District wanted to exchange recreational or park land for recreational or park land with the state of Kansas, the federal government, a local city or other governmental unit or agency, does K.S.A. 19-2868(i) require an exchange for similar value, only after a public hearing thereon, and with the approval of the Board of Commissioners of Johnson County, Kansas, prior to such exchange, or does the last sentence of K.S.A. 19-2868(i) negate such requirements when the District is dealing with a governmental unit or agency?
 "2. What does the last part of the last sentence of K.S.A. 19-2868(i) which reads as follows: `. . . or that such property may be utilized in whole or part in a contract with such governmental agencies in, on, or around other property of such governmental units, all or any part of which is located within boundaries of such district.' expressly or implicitly require, if anything, as to the use or operation of land subject to a `contract' with a governmental unit or agency under that section of that statute?"
K.S.A. 19-2868(i) consists of three parts. The first part provides that the board shall have the power:
 "to sell and convey real estate acquired by purchase, condemnation, gift or devise when it appears such property is no longer needed for park, playground or recreational purposes, or is poorly situated for such purposes, or is poorly suited for such purposes, with the proceeds of such sale to be deposited in the land acquisition fund authrized by K.S.A. 19-2873b, and amendments thereto. No such sale shall be made except upon authorization of the majority of the votes cast by the qualified electors of the district at an election called and held for such purpose as provided by this act. If the instrument of gift or devise vests fee title in the district or authorizes the district to sell the real property, such property may be sold by the procedure herein provided."
The second part provides:
 "The board, when in its judgment deemed advisable and to the best interests of the district, by proper conveyances, may exchange any tract of land for lands similar in value, or exchange money and land for other land suitable for park or recreation purposes or exchange land for land and money totaling the value of the land conveyed, provided that the money involved does not exceed 25% of the total value of the land involved, without vote of the qualified electors of the park district, subject to a public hearing having first been held with respect to such proposed exchange of lands, after notice of the time, place and purpose thereof, including a legal description of said lands, published once each week for two consecutive weeks prior thereto, in the official county paper, and subject further to final approval of such proposed exchange of lands, by the board of county commissioners of Johnson county, Kansas."
The third part provides:
 "The board may by proper conveyance exchange, transfer, sell, or lease any tract of district land with or without improvements to the state of Kansas, a political subdivision thereof, or an agency of the United States government, if the board determines that such property can properly be maintained and operated as park, playground, or recreational facilities by such governmental agency, or that such property may be utilized in whole or part in a contract with said governmental agencies in, on, or around other property of such governmental units, all or any part of which is located within boundaries of such district."
You mention in your letter that the district now wants to give a certain small tract of land developed as a park to a city upon its agreement to continue to operate the property as a public park. The district is also interested in taking similar actions in exchanging park or recreational land with local cities or other governmental agencies.
In summary, the first part of the statute deals with sale of the property no longer needed for the district. The sale of property requires authorization by a majority vote. The second part of the statute deals with exchange of property. In the case of exchange of property, the district must follow notice requirements and obtain final approval by the board of county commissioners of Johnson county.
The third part of the statute was added to the existing provision in 1977. This part deals with exchange, transfer, sale or lease of property to the federal, state, or local government. Obviously, this provision was added to make the district's dealings with governmental entities different from dealings with others. Without this provision, the district must follow the requirements and limitations in case of exchange of property with the governmental entity.
The legislature left the existing parts unchanged when the third part was added. It is evident that the district must follow the second part when it is not dealing with exchange of property with a governmental entity.
When the legislature revises a prior existing law, it is presumed that the legislature intended to make some change in the law as it existed prior to the amendment. Dewey v. Kansas Dept. of Revenue, Div. of MotorVehicles, 11 Kan. App. 2d 72, 75 (1986). If the district is required to follow the procedure set out in the second part of the statute in the case of exchange of land with the city, there would be no need to have the third part of the statute. The 1977 addition would be superfluous. The courts will reconcile different provisions of statutes so as to make them consistent, harmonious, and sensible. Harris Enterprises, Inc. v.Moore, 241 Kan. 59, 65 (1987).
It is consistent and sensible to interpret the statute so that the district's dealings with the city is governed by the third part, not by the second. It is reasonable to assume that the 1977 amendment adding the third part to the statute was intended to expedite the process dealing with other governmental entities whether the conveyance is by exchange, transfer, sale or lease.
However, this statute does not entitle the district to conduct its business behind closed doors. "Except as otherwise provided . . . all meetings for the conduct of the affairs of, and the transaction of business by all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, . . . receiving or expending and supported in whole or in part by public funds shall be open to the public." K.S.A. 75-4318(a).
We conclude that the district may exchange, transfer, sell or lease its property to federal, state or local governmental entities "if the board determines that said property can properly be maintained and operated as park, playground, or recreational facilities by such governmental agency, or that said property may be utilized in whole or in part in a contract with said governmental agencies in, on, or around other property of said governmental units, all or any part of which is located within boundaries of said district."
The district's second question involves a clarification of the last part of this provision. The district does not seem to face any factual situations where the questioned portion of the statute is applicable. We believe that this phrase contemplates the situation where the property in the district may be used in a contract with the governmental entity in conjunction with the other property of the governmental entity located within the boundaries of the district.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas