(765 P.2d 167)
No. 62,418

DAVID P. WOODHEAD, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

—

Opinion filed December 9, 1988.

*Gregory D. Bangs*, of Overland Park, and *Joseph R. Borich*, of Kansas City, Missouri, for the appellant.

*Brian Cox*, of Kansas Department of Revenue, of Topeka, for the appellee.

Before BRISCOE, P.J., LARSON and GERNON, JJ.

BRISCOE, J.: Plaintiff David Woodhead appeals the judgment of the district court entering summary judgment against him on his petition for review from an order of the Department of Revenue suspending his driver's license. We affirm.

The following facts were alleged by the Department in its motion for summary judgment and were uncontroverted by plaintiff: On February 12, 1987, Officer Richard McBrien arrested the plaintiff for DUI. After plaintiff's arrest, the officer gave plaintiff the *Miranda* warnings and the oral and written notices required by the implied consent statute, K.S.A. 1987 Supp. 8-1001. Immediately thereafter, the officer requested that plaintiff submit to a breath test, but plaintiff refused. Plaintiff indicated he would not take the test because he had recently used a breath spray and because he knew better than to submit to the breath test. Plaintiff did not indicate to the officer that he was confused by the *Miranda* and implied consent warnings.

On March 26, 1987, a hearing was conducted before a representative of the Division of Vehicles to consider the suspension of plaintiff's license. The hearing officer ordered suspension of plaintiff's license for six months, effective April 6, 1987.

Plaintiff filed a petition for review in district court, seeking reversal of the hearing officer's decision on the ground that plaintiff's refusal to take the test was reasonable. The Depart-

ment moved for summary judgment, alleging only two issues were before the court according to the pretrial order: (1) whether plaintiff's refusal was "reasonable" because he assumed his use of a breath spray just prior to being stopped would produce an abnormally high reading; and (2) whether plaintiff's refusal was "reasonable" given his confusion created by the officer's giving *Miranda* warnings and later giving the implied consent warnings. The Department argued that it was entitled to summary judgment because "reasonableness" of the refusal is no longer an issue under the applicable statute.

In his response, plaintiff agreed with the Department's statement of the issues. However, plaintiff argued that the reasonableness of his refusal remained an issue under the applicable statutes. Plaintiff suggested that "excusable" or "reasonable" refusal did not really constitute a refusal which would justify suspension. In its reply, the Department challenged plaintiff to set forth statutory support for his contention that "reasonableness" remained a defense. The trial court agreed with the Department's interpretation of the applicable law and entered summary judgment against plaintiff and dismissed his petition for review.

The sole issue on appeal is whether the district court erred in entering summary judgment. Plaintiff contends summary judgment was inappropriate because the reasonableness of his refusal to submit to the test remained an issue of fact. According to plaintiff, the reasonableness of refusal to submit to a breathalyzer test under the implied consent law must be dealt with on a case-by-case basis. Plaintiff also argues that, if the legislature has deleted reasonableness of refusal as a defense in these cases, it is a denial of due process.

Originally, K.S.A. 8-1001 provided that, if a person's refusal to submit to the test was not reasonable, the division should suspend his license:

"The arresting officer shall make a report verified on oath to the division of vehicles of the refusal . . . . Upon receipt of the report, the division immediately shall notify the person of the right to be heard *on the issue of reasonableness of the failure to submit to the test.* . . . If a hearing is not requested or if, after the hearing, the division finds that the refusal was not reasonable, and after due consideration of the record of motor vehicle offenses of the person, the division shall suspend the person's license or permit to drive or nonresident operating privilege for a period of not less than 120 days and not more than one year." K.S.A. 8-1001(c). (Emphasis added.)

Pursuant to 8-1001, the reasonableness of the refusal was the only issue before the Department and before the district court on review. *Carson v. Division of Vehicles*, 237 Kan. 166, 170, 174, 699 P.2d 447 (1985). K.S.A. 8-1001(c) was deleted by the legislature effective July 1, 1985. L. 1985, ch. 48, § 3. The provision applicable to this case is now found at K.S.A. 1987 Supp. 8-1002(d), which states:

"The scope of the hearing shall be limited to whether: (1) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a motor vehicle while under the influence of alcohol or drugs, or both; (2) the person was in custody or arrested for an alcohol or drug related offense or was involved in a motor vehicle accident or collision resulting in property damage, personal injury or death; (3) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001 and amendments thereto; and (4) the person refused to submit to and complete a test as requested by a law enforcement officer."

K.S.A. 1987 Supp. 8-1002(d) was in effect when plaintiff was arrested and throughout the proceedings below.

It is clear from the statute that reasonableness of refusal is no longer an issue before the Department or the district court on review. K.S.A. 1987 Supp. 8-1002(d) clearly sets forth the only issues which may be considered by the Department and reasonableness of refusal is not included. In reviewing the Department's order, the district court is limited to those issues raised before the Department. See *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, Syl. ¶ 8, 758 P.2d 226 (1988). The district court could not consider this issue on review since it could not be raised before the Department. See *Waldspurger v. Com. of Pa.*, 103 Pa. Commw. 148, 520 A.2d 83 (1987) (person may not raise reasonableness of refusal as defense where implied consent statute makes no provision for such defense). Under K.S.A. 1987 Supp. 8-1002(d), the reasonableness of plaintiff's refusal to take the test is not an issue for consideration for either the Department or the district court.

Plaintiff also contends that, if reasonableness of refusal is no longer a defense, the proceedings deprived him of due process. We disagree.

First, this court will not consider constitutional arguments for the first time on appeal. *In re Residency Application of Bybee*, 236 Kan. 443, 449, 691 P.2d 37 (1984). According to the record on

appeal, the issue of due process was not raised before the district court. Therefore, the issue should not be considered on appeal.

Second, plaintiff does not explain why due process requires a consideration of the reasonableness of his refusal to take the test. The essential elements of due process are notice and a meaningful opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 551, 731 P.2d 273 (1987). Plaintiff was afforded such an opportunity in this case. Under the statute, a license may be suspended if (1) the law enforcement officer had reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs, or both; (2) the person was in custody or arrested for an alcohol- or drug-related offense or was involved in a vehicle accident resulting in property damage, personal injury, or death; (3) the law enforcement officer presented the person with the required oral and written notices; and (4) the person refused to submit to the requested test. K.S.A. 1987 Supp. 8-1002(d). The record clearly shows plaintiff was afforded a hearing on each of these requirements. "Reasonableness of refusal" is not an issue under the implied consent statute. Therefore, due process does not require a hearing on the issue. Further, the legislature's deletion of the issue of reasonableness of the refusal did not violate plaintiff's due process rights. The legislature, exercising its police powers, may impose reasonable regulations upon the privilege to operate a motor vehicle upon the public streets and highways of this state. *Lee v. State*, 187 Kan. 566, 570, 358 P.2d 765 (1961).

Affirmed.