(788 P.2d 285)
No. 63,549 ■

MICHAEL BUCHANAN, *Appellee,* v. KANSAS DEPARTMENT OF REVENUE, *Appellant.*

—

Opinion filed December 29, 1989.

Brian Cox, of Kansas Department of Revenue, for appellant.

No appearance for appellee.

Before REES, P.J., BRISCOE and LARSON, JJ.

LARSON, J.: The Kansas Department of Revenue appeals the order of the Johnson County District Court reversing the suspension of Michael Buchanan's driver's license.

Michael Buchanan was arrested and taken into custody for driving under the influence on February 7, 1987. The arresting officer read Buchanan the *Miranda* warning and, on videotape, went through the implied consent advisory procedure form. Buchanan refused to take the breath test.

Pursuant to K.S.A. 1986 Supp. 8-1001 and 8-1002, the Department of Revenue issued an administrative order suspending Buchanan's driving privileges for six months. Buchanan filed a petition for review, alleging he did not receive the warning required by K.S.A. 1986 Supp. 8-1001(f)(1)(B) regarding mandatory suspension of a license upon refusal to take the breath test. The trial court issued an ex parte order staying the suspension of Buchanan's license.

The trial court found in favor of Buchanan, stating that no evidence indicated he was informed of the warning required by K.S.A. 1986 Supp. 8-1001(f)(1)(B). The Department of Revenue appeals. Buchanan does not appear in the appeal.

The scope of review of an administrative decision by the Department of Revenue is established by K.S.A. 77-621:

"(a) Except to the extent that this act or another statute provides otherwise:

"(1) The burden of proving the invalidity of agency action is on the party asserting invalidity; and

"(2) the validity of agency action shall be determined in accordance with the standards of judicial review provided in this section, as applied to the agency action at the time it was taken.

"(b) The court shall make a separate and distinct ruling on each material issue on which the court's decision is based.

"(c) The court shall grant relief only if it determines any one or more of the following:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious.

"(d) In making the foregoing determinations, due account shall be taken by the court of the rule of harmless error."

" 'A district court may not, on appeal, substitute its judgment for that of an administrative tribunal . . . . ' " *Board of Johnson County Comm'rs v. J.A. Peterson Co.*, 239 Kan. 112, 114, 716 P.2d 188 (1986).

The administrative order suspending Buchanan's license did not violate any of the provision of K.S.A. 77-621(c)(1) through (8).

K.S.A. 1986 Supp. 8-1001(f)(1)(B) provides:

"Before a test or tests are administered under this section, the person shall be given oral and written notice that . . . (B) refusal to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer will result in six months' suspension of the person's driver's license."

Buchanan argues that he was not properly advised that his refusal to submit to the breath test would result in the suspension of his driving privileges. He stated at the trial:

"I have no memory of any implication or any understanding that I would be losing my driver's license if I didn't take the breathalyzer test, which is really the issue here. . . .

. . . .

"I do not recall there being anything said that implied that [the suspension of the license] would just be a fact. There may have been a mention that that is a possibility, or something like that, or at least that was my interpretation, that if anything did transpire like that. It was not presented as something that was just a matter of fact."

Buchanan may not have completely understood all of the ramifications of his choices; however, that is not required by the statute. The statute requires only that the warnings be given, and "[i]t shall not be a defense that the person did not understand the written or oral notice required by this section." K.S.A. 1986 Supp. 8-1001(f)(1) and (3).

There was ample evidence to show that Buchanan received the statutory warning. Question two on the implied consent form was checked by the arresting officer. It reads, "If you refuse to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, your refusal will result in the suspension of your driver's license for six (6) months." The arresting officer testified that he read or advised the defendant of all the required warnings and checked them off on the implied

consent form. He also testified that he made the specific warning regarding suspension.

The videotape conclusively shows that Buchanan was given the warnings required by the implied consent statute. He was read the first six warnings on the Implied Consent Advisory Procedure form. During the discussion of whether Buchanan should submit to the test, the officer told him that if he refused, his license would be suspended for six months, or up to six months. There was no evidence which supports the findings and rulings of the trial court, which are reversed.

The Department of Revenue also alleges that the trial court erred in issuing an ex parte order staying the suspension of Buchanan's driver's license. The trial court's review of an administrative order suspending a driver's license is governed by the Act for Judicial Review and Civil Enforcement of Agency Actions at K.S.A. 77-601 *et seq. Angle v. Kansas Department of Revenue,* 12 Kan. App. 2d 756, Syl. ¶ 1, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988). K.S.A. 77-616(f) of the Act clearly states: "Except as otherwise authorized by rule of the supreme court, the court shall not issue any *ex parte* order pursuant to this section." No Supreme Court rule authorizes the entry of ex parte stay orders.

While at this point it might be argued that this issue is moot, *Stone v. Kansas State High School Activities Ass'n, Inc.,* 13 Kan. App. 2d 71, 761 P.2d 1255 (1988), holds that an appellate court may decide a moot question arising from a real controversy when the question is of statewide importance, the question is likely to arise again in the future, and the question will ordinarily be mooted before it can be considered on appeal.

A trial court is clearly prohibited by the statute from issuing any ex parte order in any action subject to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions.

Reversed. The Department of Revenue's order suspending Buchanan's license for six months is reinstated.