(916 P.2d 47)

No. 73,437

SUNG BAE KIM, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

Opinion filed May 10, 1996.

*Richard D. Dvorak*, of Overland Park, for appellant.

*Colleen R. Harrell* and *Steve Stockard*, student intern, of Kansas Department of Revenue, for appellee.

Before GERNON, P.J., GREEN, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GREEN, J.: The Kansas Department of Revenue (KDR) suspended Sung Bae Kim's driver's license for 1 year. KDR claimed that Kim had refused to submit to a blood alcohol test because he failed to furnish an adequate breath sample to the testing law enforcement officer. When Kim asked the trial court to review the decision of KDR, KDR moved for summary judgment. The trial court granted summary judgment in favor of KDR. On appeal, Kim contends that the trial court inappropriately granted summary

judgment because genuine issues of material fact still existed. We disagree. Additionally, Kim contends that K.S.A. 1995 Supp. 8-1001 is unconstitutional because it violated his right to due process of law. We disagree and affirm the judgment of the trial court.

When Kim was arrested for driving under the influence of alcohol, he admitted to having recently drunk three beers. Through counsel, Kim requested an administrative hearing on the proposed suspension of his driver's license.

Although Kim, a Korean immigrant, claimed to have problems understanding English-speaking individuals, he failed to request an interpreter for the administrative hearing. The administrative hearing resulted in the suspension of Kim's driver's license.

Kim next petitioned the trial court for review of the hearing officer's decision. Initially, Kim contended that his suspension should be set aside because the arresting officer failed to present him with an oral and written notice, as required by K.S.A. 1995 Supp. 8-1001, in a language which he could understand. Kim, however, later amended his petition to challenge K.S.A. 1995 Supp. 8-1001. He claimed that the statute was unconstitutional as it applied to him.

Because Kim's administrative hearing was strictly a refusal hearing, K.S.A. 1995 Supp. 8-1002(h)(1) controlled the scope of that hearing. In *Woodhead v. Kansas Dept. of Revenue*, 13 Kan. App. 2d 145, 765 P.2d 167 (1988), we interpreted the nearly identical predecessor to 8-1002(h)(1): "K.S.A. 1987 Supp. 8-1002(d) clearly sets forth the *only issues which may be considered* by the Department." (Emphasis added.) 13 Kan. App. 2d at 147.

K.S.A. 1995 Supp. 8-1002(h)(1) states:

"If the officer certifies that the person refused the test, the scope of the hearing shall be limited to whether: (A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or to believe that the person had been driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system; (B) the person was in custody or arrested for an alcohol or drug related offense or was involved in a vehicle accident or collision resulting in property damage, personal injury or death; (C) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001, and amendments

thereto; and (D) the person refused to submit to and complete a test as requested by a law enforcement officer."

Kim raises two issues that were neither covered by K.S.A. 1995 Supp. 8-1002(h)(1) nor raised at the administrative hearing. First, he argues that he was denied the effective assistance of counsel. Second, he argues that KDR's failure to furnish him with an interpreter at the administrative hearing violated his rights to due process. We have held that despite the trial court's de novo review of driver's license hearings, a plaintiff's appeal is limited to those issues presented at the administrative hearing. *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 329, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993). Because Kim did not present these issues at the administrative hearing, the trial court did not have jurisdiction to address these issues. Where the district court had no jurisdiction, an appellate court does not acquire jurisdiction over the subject matter on appeal. See *City of Overland Park v. Barron*, 234 Kan. 522, 525, 672 P.2d 1100 (1983).

In any event, both arguments are fatally flawed. A proceeding to suspend a licensee's driving privileges for refusal to take a requested chemical test is civil or administrative in nature. *State v. Maze*, 16 Kan. App. 2d 527, 535, 825 P.2d 1169 (1992). The right to counsel does not apply to civil or administrative proceedings. See *State v. Bristor*, 236 Kan. 313, Syl. ¶ 1, 691 P.2d 1 (1984). As a result, this argument must fail.

Similarly, Kim's argument that his right to due process was violated because KDR failed to furnish him with an interpreter at the administrative hearing is unpersuasive. Kim had several opportunities to request an interpreter. Kim's form request for an administrative hearing was accompanied by a letter from his attorney. The letter did not include a request for an interpreter or indicate that Kim did not understand English. The hearing officer's notes show that Kim also failed to indicate that he needed an interpreter at the administrative hearing. In his brief, Kim does not allege that he requested an interpreter at any stage. Therefore, KDR was not put on notice that an interpreter was needed. Consequently, Kim's argument must fail.

Kim next argues that he did not understand the officer and that his lack of understanding and the failure to furnish the implied consent in Korean is equivalent to failing to provide the implied consent advisory notices. He also argues that K.S.A. 1995 Supp. 8-1001 is unconstitutional because it allows notice to "be given in English to an individual who does not speak the English language."

In its memorandum decision, the trial court stated:

"Kim's petition raises two issues: first, that he did not understand the notice given by the officer, who requested him to take the breath test; and second, that K.S.A. 8-1001 is unconstitutional for failing to provide him a warning in his native language—Korean. These issues are ably discussed with appropriate authority in KDR's briefs in support of its Motion for Summary Judgment. In summary, other jurisdictions have examined these issues and concluded that the legislature's exercise of the constitutional police power to protect the health and safety of its citizens in their travels on the public ways does not abridge a motorist['s] right of equal protection of the law. Driving is a privilege subject to reasonable regulation by the legislature."

Our research has found no Kansas cases addressing a plaintiff's failure to understand the required notices because of a language barrier. Nevertheless, KDR cites to several cases from other jurisdictions which are persuasive. See *State v. Webb*, 212 Ga. App. 872, 443 S.E.2d 630 (1994) (hearing- and speech-impaired defendant); *State v. Tosar*, 180 Ga. App. 885, 350 S.E.2d 811 (1986) (Spanish-speaking defendant); *Warner v. Commissioner of Public Safety*, 498 N.W.2d 285 (Minn. App. 1993) (deaf plaintiff); *Yokoyama v. Commissioner of Public Safety*, 356 N.W.2d 830 (Minn. App. 1984) (Japanese-speaking plaintiff); *Com. v. Mordan*, 419 Pa. Super. 214, 615 A.2d 102 (1992), *aff'd* 534 Pa. 390, 633 A.2d 588 (1993) (deaf-mute defendant). In those cases, each court held that the failure to understand the warnings is not a defense and does not render the results of any tests inadmissible. Conversely, Kim cites to no authority which has held that a defendant must understand the warnings given.

Furthermore, K.S.A. 1995 Supp. 8-1001(f)(3) states that "[i]t shall not be a defense that the person did not understand the written or oral notice required by this section." See *Buchanan v. Kan-*

*sas Dept. of Revenue,* 14 Kan. App. 2d at 169, 171, 788 P.2d 285 (1989).

As to the constitutionality of K.S.A. 1995 Supp. 8-1001, we must resolve all doubts in favor of the statute's validity. "If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down." *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, 243, 834 P.2d 368 (1992).

K.S.A. 1995 Supp. 8-1001 is remedial law and should be liberally construed to promote the health, safety, and welfare of the public. See K.S.A 1995 Supp. 8-1001(i). Consequently, we conclude that K.S.A. 1995 Supp. 8-1001 is constitutional.

Kim next argues that the trial court inappropriately granted summary judgment because genuine issues of material fact still existed. In explaining when summary judgment is proper, our Supreme Court stated:

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] When a summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment. [Citations omitted.]" *Patterson v. Brouhard,* 246 Kan. 700, 702, 792 P.2d 983 (1990).

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Bacon v. Mercy Hosp. of Ft. Scott,* 243 Kan. 303, 306, 756 P.2d 416 (1988).

KDR's motion for summary judgment included a list of uncontroverted facts, which addressed each issue in K.S.A. 1995 Supp. 8-1002(h)(1):

"1. On December 25, 1993, Ptlm. R. Gardner of the Overland Park Police Department, observed the plaintiff's vehicle already stopped. *See* 'Law Enforcement Officer's Certification,' ¶5 . . . .

"2. The officer detected the odor of alcohol about the plaintiff. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"3. The plaintiff failed field sobriety tests. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"4. The plaintiff displayed slurred speech. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"5. The plaintiff displayed bloodshot eyes. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"6. The plaintiff displayed difficulty in communicating. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"7. The plaintiff displayed poor balance or coordination. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"8. The plaintiff admitted consuming alcohol or drugs. *See* 'Law Enforcement Officer's Certification,' ¶7 . . . .

"9. The officer arrested or took the plaintiff into custody for DUI. *See* 'Law Enforcement Officer's Certification,' ¶2 . . . .

"10. The officer gave the plaintiff oral and written notice of the consequences of submitting or not submitting to the test. *See* 'Law Enforcement Officer's Certification,' ¶3 . . . .

"11. The officer requested the plaintiff submit to a breath test. *See* 'Law Enforcement Officer's Certification,' ¶10 . . . .

"12. The plaintiff refused to submit to testing. *See* 'Law Enforcement Officer's Certification,' ¶4 . . . ."

Those facts were addressed in discussing each issue before the administrative hearing officer. Kim argues that the facts alleged were controverted and that he denied them in an affidavit included in his response to KDR's motion for summary judgment. The affidavit contained the following statements:

"Sung Bae Kim of lawful age, being first duly sworn, states:

"1. That I am a Korean immigrant.

"2. That my primary language is that of my native Korea and I speak very little English.

"3. That it is very difficult for me to communicate in English.

"4. That I know the English alphabet.

"5. That I do not pronounce letters of the alphabet or numbers in English very well.

"6. That due to my inability to communicate well in English, at times my pronunciation is slurred or difficult to understand.

"7. That when I converse with English-speaking individuals I try to do the best I can or do so through a Korean interpreter.

"8. That on December 25, 1993, I had consumed three beers in the course of the evening.

"9. That I successfully completed the tasks requested of me during the field sobriety tests administered by Patrolman Gardner.

"10. That my eyes were red due to the late hour that I was detained by Patrolman Gardner.

"11. That I did not understand any written or oral notices regarding the consequences of submitting or not submitting to the breath test requested by Patrolman Gardner.

"12. That due to my inability to communicate, I could not express my lack of understanding or my wishes effectively to Patrolman Gardner."

Although Kim's affidavit explained the facts alleged by KDR, the affidavit failed to controvert the material facts. Because Kim did not properly controvert the material facts, the trial court deemed them to be admitted. On the basis of those admitted facts, the trial court determined that the case was ripe for summary judgment, made its own findings of fact and conclusions of law, and granted summary judgment. On appeal, Kim does not challenge the trial court's findings of fact. " 'Trial court determinations of fact, unappealed from, are final and conclusive.' " *Sullivan, Bodney & Hammond, P.C. v. Bodney,* 16 Kan. App. 2d 208, 209, 820 P.2d 1248 (1991).

We conclude that the trial court properly granted the motion for summary judgment.

Affirmed.