(152 P.3d 106)
No. 92,913

MICHAEL L. THOMPSON, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

Opinion filed March 2, 2007.

*Laura B. Shaneyfelt,* of Hulnick Law Offices, P.A., of Wichita, for appellant.

*J. Brian Cox,* of Legal Services Bureau, of Kansas Department of Revenue, for appellee.

Before MARQUARDT, P.J., PIERRON, J., and KNUDSON, S.J.

KNUDSON, J.: Michael L. Thompson appeals the district court's decision to uphold his driver's license suspension after its de novo review of the administrative hearing. The issue on appeal is whether Thompson was given appropriate written notice (commonly referred to as "DC-70") under K.S.A. 8-1001(f).

We affirm.

On June 7, 2003, law enforcement officers responded to an accident where Thompson's vehicle missed a curve, left the roadway, and went down a creek ravine. There were no skid marks on the road, and a utility pole was hit and snapped in half. Deputy Curtis J. Tracey detected the odor of an alcoholic beverage on Thompson. Thompson was transported to the hospital by EMS.

Deputy Howard L. Edwards went to the hospital to request Thompson submit to a blood test. When the deputy arrived, he waited for the medical staff to stabilize Thompson. Deputy Edwards could not recall whether Thompson had IVs in his arms or whether Thompson was in a neck brace. As required under K.S.A. 8-1001(f), Deputy Edwards read the implied consent advisory to Thompson. Edwards also placed a copy of the DC-70 in Thompson's right hand. The deputy recalled that Thompson grasped the paper. The deputy said he placed the form in Thompson's right hand because it was the most accessible hand to the deputy. He further stated the left arm was where the IVs are usually placed although the deputy could not recall whether there was an IV on the left side.

Thompson admitted that he was given the verbal implied consent advisory by the deputy. Thompson said that he was laying flat on his back in a bed with a neck brace on and IVs in both of his arms when the deputy read the advisory to him. He also admitted that the deputy placed the DC-70 in his right hand. However, Thompson testified that he was not able to maneuver the document in a position where he could read it. Thompson said the deputy did not ask if Thompson was able to read the paper, and the deputy took the DC-70 when Thompson refused to take the blood test. On cross-examination, Thompson said that he did not tell the deputy that he was not able to read the DC-70 even though he was physically able to tell this to the deputy. Thompson also did not have his reading glasses because the glasses were in his clothes that had been cut off by medical personnel.

The Kansas Department of Revenue suspended Thompson's driver's license following an administrative hearing on his refusal to submit to a blood alcohol test. On appeal, the district court found

there was substantial compliance with K.S.A. 8-1001(f) and affirmed the administrative order.

Our standard of review is whether there exists substantial competent evidence to support the district court's decision. *Schoen v. Kansas Dept. of Revenue*, 31 Kan. App. 2d 820, Syl. ¶ 1, 74 P.3d 588 (2003).

Before a blood, breath, or urine test may be administered, a person must be given an oral and written implied consent advisory. K.S.A. 8-1001(f). Our Supreme Court has recognized that the notice provisions of K.S.A. 8-1001(f) are mandatory. *State v. Luft*, 248 Kan. 911, Syl. ¶ 1, 811 P.2d 873 (1991). However, substantial compliance with the notice provisions of the statute is sufficient. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988).

Thompson argues that the notice in the present case was not in substantial compliance with the statutory requirement to give written notice of the advisory. He distinguishes the facts of his case from two unpublished decisions where this court found that notice was in substantial compliance with the statute.

In *Dye v. Kansas Dept. of Revenue*, No. 90,699, unpublished opinion filed April 2, 2004, a panel of this court found that there was substantial compliance where the officer placed the advisory form in front of and between Dye and the officer, and the officer allowed his finger to travel across the document as he read it to Dye. The panel noted that Dye did not physically possess the form before she refused the test; the form was placed with Dye's property at the jail. However, Dye's testimony indicated that the advisory was presented to her for her consideration. Thompson argues that the panel heavily relied on the fact that Dye did not tell anyone at the administrative hearing that she could not read the advisory without her glasses, impermissibly introducing her evidence piecemeal. However, a review of the opinion shows that there was substantial compliance because the advisory was presented to her for her consideration.

In *State v. Caudill*, No. 90,574, unpublished decision filed July 9, 2004, a panel of this court found that the requirement for oral notice was satisfied when the driver read the implied consent form

aloud in the presence of the arresting officer. Furthermore, there was additional evidence that the purpose of the notice requirement was met: the driver did not claim that he misread the form; the driver admitted that he informed officers that he understood the advisories; he initialed the consent form certifying he understood his rights; and this was his third offense so he had presumably heard the advisories before.

Thompson argues that he did not testify that he understood the advisories as in *Caudill* and that he did not receive both the oral and written notice.

It is not a defense that the person receiving the implied consent advisory does not understand the notices. K.S.A. 8-1001(m); *Lund v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 265, Syl. ¶ 1, 824 P.2d 211 (1991). The courts have held that it is no defense even if the licensee is deaf or does not understand English. *State v. Bishop*, 264 Kan. 717, 720-22, 957 P.2d 369 (1998); *Kim v. Kansas Dept. of Revenue*, 22 Kan. App. 2d 319, 322-23, 916 P.2d 47, *rev. denied* 260 Kan. 994 (1996).

In ruling from the bench, the district judge announced:

"On the procedure on the DC-70, I am of the opinion that the purpose in the law is that notice be given, and the case law has evolved out to where that can be orally done. It can be done in a number of ways, and so you have to look at a step-by-step, case-by-case analysis. In this situation, the DC-70 was read to petitioner in substantial compliance with the implied consent."

This ruling does not clearly address Thompson's argument to the district court that he was not given written warning.

Even though the district court's ruling from the bench did not squarely address the issue, there is substantial competent evidence supporting the district court's decision to uphold the driver's license suspension. See *Rose v. Via Christi Health System, Inc.*, 279 Kan. 523, 525, 113 P.3d 241 (2005) ("If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision. The reason given by the trial court for its ruling is immaterial if the result is correct. [Citation omitted.]"). The deputy and Thompson agree that the written implied consent advisory was placed in Thompson's hand and that Thompson received his verbal

notice. Thompson was conscious, did not tell the deputy that he could not read the form, and did not ask for assistance to read the form. We conclude there is substantial competent evidence Thompson was given the oral and written notice as required under K.S.A. 8-1001(f).

Affirmed.