NOT DESIGNATED FOR PUBLICATION

No. 119,699

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SUNIL PERSHAD,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMER, judge. Opinion filed April 17, 2020.
.Reversed and remanded with directions.

*Adam D. King*, of Legal Services Bureau, of Kansas Department of Revenue, for appellant.

*Steven D. Mank*, of Wichita, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: The Kansas Department of Revenue (KDOR) appeals from the Sedgwick County District Court's decision to reverse KDOR's suspension of Sunil Pershad's driver's license. KDOR argues that the trial court erred in determining that the arresting officer read the advisory form too quickly to reasonably provide oral notice to Pershad. Because K.S.A. 2017 Supp. 8-1001(k) does not contain or impose a reasonableness requirement on the reader, we reverse the trial court and affirm the suspension of Pershad's license.

1

Sedgwick County Sheriff's Deputy Scott McCall arrested Pershad for DUI on September 24, 2017. At the jail, Deputy McCall handed Pershad the DC-70 advisory form, asked Pershad to follow along, and read the form to Pershad. Deputy McCall read the complete advisory form in 1 minute and 49 seconds. Pershad never mentioned that he was unable to understand the advisory form that Deputy McCall was reading. And Deputy McCall had no difficulty conversing with Pershad in English. Pershad eventually refused to take the breath test.

KDOR suspended Pershad's driver's license at an administrative hearing. Pershad petitioned for review in Sedgwick County District Court. At the trial de novo, the trial court ruled that Deputy McCall had failed to adequately provide oral notice to Pershad as required under K.S.A. 2017 Supp. 8-1001(k). The trial court ruled that Deputy McCall read the advisory so quickly that it failed to communicate a reasonable oral notice to Pershad.

KDOR timely appeals.

*Did the District Court Err in Ruling That the Oral Notice Given to Pershad was Inadequate as a Matter of Law?*

KDOR argues that the trial court erred in its interpretation of K.S.A. 2017 Supp. 8-1001(k) because the trial court read an unstated reasonableness requirement into the statute. Pershad simply repeats the trial court's ruling that the statute requires a reasonable oral notice.

An appellate court reviews appeals from the administrative suspension of driver's licenses under the Kansas Judicial Review Act. K.S.A. 2019 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). Because the parties do not dispute the facts, the question therefore is solely a question of law. An appellate court has unlimited review of the conclusions of law based on undisputed facts. See

*Gannon v. State*, 305 Kan. 850, 881, 390 P.3d 461 (2017). Unlimited review is possible where the appellate court has the same access to the motions, records, and files as the trial court. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014); *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017).

The relevant language of K.S.A. 2017 Supp. 8-1001(k) is as follows: "Before a test or tests are administered under this section, the person shall be given oral and written notice." The trial court ruled that "the oral reading of the [DC-70 advisory] form in 1 minute & 49 seconds is not reasonable to satisfy the [statutory requirement] to 'present . . . oral . . . notice.'" The trial court's reasoning is flawed. First, the trial court erred in determining that Deputy McCall's oral reading of the notice was not reasonable. Second, K.S.A. 2017 Supp. 8-1001(k) does not require that the oral notice be reasonable under the plain language of the statute.

We here have the same access as the trial court did to the video of Deputy McCall's conversations with Pershad. The trial court has correctly noted the time it took for Deputy McCall to read the oral advisories to Pershad. He read those advisories aloud to Pershad in 1 minute and 49 seconds. The trial court, however, was incorrect in ruling that Deputy McCall's speed in reading of the oral advisories to Pershad rendered them incomprehensible or unreasonable. The video showed that Deputy McCall's pace and articulation in reading the oral notice to Pershad would have reasonably conveyed the information of the advisories to an ordinary listener.

Second, even if Deputy McCall's reading of the oral advisories to Pershad would not have conveyed reasonable notice to him, K.S.A. 2017 Supp. 8-1001(k) does not contain a requirement that the oral notice be understood. See K.S.A. 2017 Supp. 8-1001(r) ("It shall not be a defense that the person did not understand the written or oral notice required by this section."); *State v. Bishop*, 264 Kan. 717, 721-22, 957 P.2d 369

(1998) (holding notice sufficient even though officer read advisory aloud, knowing licensee was deaf); *Kim v. Kansas Dept. of Revenue*, 22 Kan. App. 2d 319, 322-23, 916 P.2d 47 (1996) (holding notice sufficient even though Korean speaker given advisory in English). So, subsection (k) does not contain language requiring that the officer speak so as to be understood, and subsection (r) specifically disclaims any requirement for the listener to actually understand the oral notice. On that basis, the trial court improperly read into K.S.A. 2017 Supp. 8-1001(k) an unstated statutory *reasonable notice requirement* which does not exist in this statute.

From the plain language of the statute, the applicable test for notice is not whether it was reasonable. Simply put, K.S.A. 2017 Supp. 8-1001(k) requires that before an alcohol or drug test is administered, "the person shall be given oral and written notice" of certain information. Although that notice is mandatory, our Supreme Court has recognized that substantial compliance with the statute is sufficient. See *State v. Edgar*, 296 Kan. 513, 528, 294 P.3d 251 (2013); *Barnhart v. Kansas Dept. of Revenue*, 243 Kan 209, 213, 755 P.2d 1337 (1988). Substantial compliance occurs when the notice is "'sufficient to advise the party to whom it is directed of the essentials of the statute.'" *Edgar*, 296 Kan. at 528 (quoting *Barnhart*, 243 Kan. at 213). Previous precedent has focused on the simple yes-no question of whether notice was given. See, e.g., *Thompson v. Kansas Dept. of Revenue*, 37 Kan. App. 2d 255, 256, 152 P.3d 106 (2007) (holding that written notice was given even though recipient did not have glasses); *State v. Jackson*, No. 111,922, 2015 WL 718072, at *6 (Kan. App. 2015) (unpublished opinion) (holding that written notice was given although recipient was lying on his back with a neck brace and the written notice was placed on his chest). Also, previous precedent does not evaluate whether the officer reasonably sought to apprise the recipient of the information in the notice. And, thus, the trial court's application of that test here was in error.

Reversed and remanded with directions to affirm the decision of the administrative hearing.