No. 92,051

AIMEE ELIZABETH CROSS, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

110 P.3d 438

Opinion filed April 29, 2005.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause, and *Michael S. Holland*, of the same firm, was on the brief for appellant.

*James G. Keller*, Kansas Department of Revenue, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Aimee Elizabeth Cross was arrested for driving under the influence. Cross agreed to testing and requested an administrative hearing after receiving a notice of suspension. The admin-

istrative hearing officer affirmed the suspension, and Cross petitioned the district court for review arguing that K.S.A. 8-1020(g), a limitation on witnesses who may be called for the hearing, denied her due process of law. Cross also contends that the above statute is constitutionally defective on its face. The district court held that Cross was afforded due process in the hearing, denied her claim that K.S.A. 8-1020(g) as applied was unconstitutional, and further held that Cross lacked the standing to facially attack the statute. Cross appealed, and we affirm on our transfer of this case pursuant to K.S.A. 20-3018(c).

On February 15, 2003, Riley County Police Officers Steere and Curtiss were dispatched to a report of a pedestrian vehicle accident and were the first officers to arrive at the scene. Curtiss stayed with the person who had been injured in the accident while Steere spoke with appellant Cross. Officer Asher subsequently arrived at the scene and took witness statements and completed the accident report.

Steere was the first person to speak with Cross and Cross identified herself as the driver of the vehicle. Steere observed the odor of alcoholic beverages coming from Cross, and Cross failed the field sobriety tests Steere administered. Steere observed that Cross had slurred speech, bloodshot eyes, difficulty in communicating, and poor balance or coordination. Cross told Steere that she had drunk a few alcoholic beverages. Steere relied solely upon his own observations and conversation with Cross in determining that he had reasonable grounds to ask her to submit to an evidentiary breath test.

Officer Steere placed Cross under arrest for driving under the influence and transported her to the Law Enforcement Center. Cross consented to a breath test which showed a blood alcohol concentration of .158. Steere completed an officer's certification and notice of suspension, commonly referred to as a DC-27 form, and personally served it upon Cross. Steere was the only officer to complete and sign the form.

On February 17, 2003, Cross requested an administrative hearing, asking that subpoenas duces tecum be issued "for any and all officers who signed or initialed the Law Enforcement Officers'

Certification, Form DC-27, to appear and testify." Steere was the only witness subpoenaed to the hearing, which was held on July 18, 2003. No transcript of the hearing is in the record on appeal, making it difficult to determine precisely what arguments were raised. Relevant to this appeal, the hearing notes provided: "Other issues raised: DC-27 not properly completed since other off on paperwork. [*sic*]" The hearing officer affirmed the administrative action to suspend Cross' driving privileges.

On July 25, 2003, Cross timely filed a petition for review in the Riley County District Court. The petition sought review of all issues raised at the hearing, specifically: "That the order suspending plaintiff's driving privileges should be vacated by this Court because the officer did not properly complete the law enforcement officer's certification; the officer lacked probable cause to arrest; [and] the officer failed to follow KDHE [Kansas Department of Health and Environment] protocol regarding breath testing."

On December 5, 2003, a trial de novo was conducted on the petition. Officer Steere was the only witness to testify at the hearing and was examined by both parties. Afterward, the district court heard substantial oral argument wherein Cross' counsel identified the sole issue as whether the certification was improper because the other officers did not sign the certification and her due process rights were violated. Counsel argued the 2001 amendments that limit the witnesses that can be called at the administrative hearing violates due process both on its face and as applied to Cross' case.

Counsel for the Kansas Department of Revenue (department) responded that Cross was not denied due process under the facts of this case because she had admitted in the request for admissions that reasonable grounds existed for the officer to believe she was driving under the influence. Additionally, Steere was the only officer to conduct the DUI investigation, he signed the certification, and he was subject to examination at the hearing. The district court took the matter under advisement.

The order on petition for review identified the two issues raised by Cross: "(1) that the 'Officer's Certification and Notice of Suspension' (hereafter 'DC-27') was improperly completed because it was signed by only one officer involved in the arrest process; and

(2) that Petitioner was denied due process by the single signature on the DC-27." In denying the petition to set aside the suspension of Cross' driving privileges, the district court reasoned in relevant part:

"The facts of this case offer no support for Petitioner's due process argument. Officer Steere testified that he gathered all of the information upon which he relied, without information from or reliance on other officers. He administered the testing referred to on the DC-27 and signed and served that certification on Petitioner. He was, therefore, subject to subpoena for the administrative hearing. The right to call Officer Steere to the administrative hearing afforded Petitioner the opportunity to confront and cross-examine the person who made the observations and assessments and gave her the breath test. Multiple officers were not involved with her part of the case. The Court has no reason, therefore, to address the constitutionality of the witness limitations of K.S.A. 8-1020(g). Based on the evidence, the challenge to the completion of the DC-27 must also fail, as the certification was completed by the single officer who investigated the facts and drew the conclusions upon which the suspension rested."

On appeal, Cross attacks the constitutionality of K.S.A. 8-1020(g), a provision which was enacted by the Kansas Legislature in 2001 as part of significant amendments to the Kansas Implied Consent Law. Before addressing Cross' arguments, it is helpful to first review how these amendments changed the Kansas Implied Consent Law.

2001 Implied Consent Law

K.S.A. 8-1001(b)(1) and (2) provide that if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs and the person has been arrested or taken into custody in relation thereto or the person was involved in a vehicle accident or collision resulting in property damage, personal injury, or death, then the officer shall request the person to submit to a test. The officer directing administration of the test(s) may act on personal knowledge or on the basis of the collective information available to law enforcement officers involved in the accident investigation or arrest.

If the test is failed, a law enforcement certification must be prepared and signed by one or more officers to certify that reasonable

grounds existed to believe the person was operating a vehicle under the influence of alcohol or drugs; the person had been placed under arrest, was in custody, or had been involved in a vehicle accident; a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001; and the result of the test showed that the person had an alcohol concentration of .08 or greater in such person's blood or breath. K.S.A. 8-1002(a)(2).

"[C]ertification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein." K.S.A. 8-1002(b).

When a test failure is established while the person is still in custody, the officer shall serve the licensee a DC-27 form. In addition to the requirements of (a)(2), the form must include the following information: The person's name, driver's license number, and current address; the reason and statutory grounds for the suspension; the date notice is being served and a statement that the effective date of the suspension shall be the 30th calendar day after the date of service; the right of the person to request an administrative hearing; and the procedure the person must follow to request an administrative hearing. K.S.A. 8-1002(d). A copy of this form is forwarded to the division, which will review the certification to ensure that all requirements were met. If so, it will suspend the licensee's driving privileges in accordance with the notice of suspension already served. K.S.A. 8-1002(e), (f).

If the licensee fails the test, the officer shall take his or her driver's license and issue a 30-day temporary license. K.S.A. 8-1002(e). Upon receipt of the officer's certification and notice of suspension, the licensee has 10 days (13 if served by mail) to request an administrative hearing, which will keep the temporary license active until 30 days after the hearing. K.S.A. 8-1020(a), (b).

K.S.A. 8-1020 governs the requirements and procedures of the administrative hearing. Except for a hearing conducted by telephone or video, the hearing shall be conducted in the county where the arrest occurred or a county adjacent thereto. K.S.A. 8-1020(d).

Relevant to this case, if the officer certifies that the licensee failed the breath test, the scope of the hearing is limited to whether the officer had reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs; the licensee was in custody or arrested for an alcohol or drug-related offense or was involved in a vehicle accident or collision resulting in property damage, personal injury, or death; a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001; the testing equipment used was certified by the Kansas Department of Health and Environment; the person who operated the testing equipment was certified by the Kansas Department of Health and Environment; the testing procedures used substantially complied with the procedures set out by the Kansas Department of Health and Environment; the test result determined that the licensee had an alcohol concentration of .08 or greater in such person's breath; and the licensee was operating or attempting to operate a vehicle. K.S.A. 8-1020(h)(2)(A-H).

Subsections (e) and (l) limit the evidence at the hearing to the officer's certification and notice of suspension, the test results, an affidavit showing the certification of the officer and the instrument, the KDHE testing protocol checklist, testimony of the licensee, testimony of any certifying officer, testimony of any witness present at the time of the issuance of the certification called by the licensee, affidavits submitted from other witnesses, testimony regarding the existence of a relevant medical condition, and any video or audio tapes of the events at issue. K.S.A. 8-1020(e), (l). Subsection (g), the subject of this appeal, limits the witnesses at the hearing to any officer who signed the certification form and to one other witness that was present at the issuance of the certification.

At the administrative hearing, the licensee has the burden of proof by a preponderance of the evidence to show the facts set out in the officer's certification are false or insufficient and that the order suspending or restricting the driving privileges should be dismissed. K.S.A. 8-1020(k).

If the suspension or restriction is affirmed by the hearing officer, the suspension or restriction shall begin 30 days later unless the licensee petitions the district court for a trial de novo, in which

case, the temporary license is again extended throughout the appeal process. K.S.A. 8-1020(m), (o). Upon petition for review to the district court, the licensee is entitled to a trial de novo and the evidentiary restrictions of subsection (l) are inapplicable. K.S.A. 8-1020(p).

Constitutionality of K.S.A. 8-1020(g)

The determination of whether a statute violates the Constitution is a question of law over which we have unlimited review. *Mudd v. Neosho Memorial Regional Med. Center*, 275 Kan. 187, 197, 62 P.3d 236 (2003).

As noted above, K.S.A. 8-1020(g) sets forth what witnesses may be called at the administrative hearing:

"Witnesses at the hearing shall be limited to the licensee, to any law enforcement officer who signed the certification form and to one other witness who was present at the time of the issuance of the certification and called by the licensee. The presence of the certifying officer or officers shall not be required, unless requested by the licensee at the time of making the request for the hearing. The examination of a law enforcement officer shall be restricted to the factual circumstances relied upon in the officer's certification."

Cross argues the above statute is unconstitutional on its face and as applied. Cross contends it is unconstitutional on its face because K.S.A. 8-1020 prevents the subpoenaing of other relevant witnesses to the administrative hearing. Cross attacks the statute as applied to her, claiming that she was denied due process because she was unable to subpoena other relevant witnesses to her administrative hearing.

We address Cross' second argument first, for if she is unable to establish that the statute as applied to her violated her due process rights during the administrative hearing, she would have no standing for a facial attack on the constitutionality of K.S.A. 8-1020(g). In *Ulster County Court v. Allen*, 442 U.S. 140, 154-55, 60 L. Ed. 2d 777, 99 S. Ct. 2213 (1979), the United States Supreme Court affirmed this principle:

"A party has standing to challenge constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations."

This court has also adopted the same principle:

"The general rule governing the standing of a party to challenge the constitutionality of legislation is that a litigant to whom a statute may constitutionally be applied will not be heard to challenge the statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the court. [Citation omitted.]" *State v. Thompson*, 237 Kan. 562, 563, 701 P.2d 694 (1985).

Cross argues that K.S.A. 8-1020(g) was unconstitutional as applied. She argues her due process rights were violated because she was unable to subpoena "other relevant witnesses" to testify at the hearing regarding her driver's license suspension. Cross does not proffer the substance of the testimony she expected from other witnesses but claims such evidence would be relevant to establish whether reasonable grounds existed to request testing in her case. Cross relies primarily upon *Wulfkuhle v. Kansas Dept. of Revenue*, 234 Kan. 241, 671 P.2d 547 (1983), and *Carson v. Division of Vehicles*, 237 Kan. 166, 699 P.2d 447 (1985), in support of her argument.

We note at the outset that the Kansas Implied Consent Law in effect during those cases is different from the current law discussed above. In *Wulfkuhle,* the applicable statutes were K.S.A. 1981 Supp. 8-1001, which required the arresting officer to make a "sworn report of the refusal," and K.S.A. 8-255 (Weeks), which granted the director the discretion to "issue subpoenas for the attendance of witnesses." Like the current law, the 1981 version of the implied consent law provided the opportunity for an administrative hearing prior to the suspension of driving privileges. K.S.A. 1981 Supp. 8-1001(c).

In *Wulfkuhle,* the department declined the licensee's request to subpoena the arresting officer and the notary public who signed the officer's refusal report to appear at the hearing. The licensee appealed to the district court, contending the department's refusal

violated his constitutional right to examine his accuser and was arbitrary, capricious, and without legal authority. The licensee did not ask the judge to subpoena the arresting officer or notary public for purposes of the trial de novo and did not raise any underlying factual issues. The district court granted summary judgment in favor of the department, finding the licensee could not mount a collateral attack on the procedures utilized in the administrative hearing where he had an opportunity to appeal to the district court for a trial de novo on the issue of the reasonableness of his refusal to submit to a test. At this time, the sole issue to be decided at the administrative hearing and the district court hearing was the reasonableness of the failure to submit to a test.

This court reversed on appeal, finding the department was required to issue subpoenas when requested by the licensee to compel the arresting officer, notary public, and other relevant witnesses to appear at a hearing conducted under K.S.A. 8-255(b) (Weeks) to establish that the chemical test refusal report was sworn to as required by K.S.A. 1981 Supp. 8-1001 or to be examined concerning the reasonableness of the licensee's refusal to submit to the test. 234 Kan. at 243-49. The court reasoned that K.S.A. 1981 Supp. 8-1001's requirement that the officer prepare a "sworn report" of the refusal was jurisdictional under *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968). The court rejected the department's argument that a trial de novo cures constitutional defects in lower level proceedings because the district court could not create jurisdiction where none existed at the administrative level. 234 Kan. at 244-46.

Regarding the reasonableness of the refusal, *Wulfkuhle* argued that the department's refusal to issue the subpoenas violated his constitutional right to examine his accusers. The court found that a licensee's revocation hearing is quasi-judicial in nature, and "the right to cross-examine witnesses testifying at administrative hearings of a 'quasi-judicial' character is an important requirement of due process." 234 Kan. at 246. The court found that the necessity of cross-examination of the arresting officer on the issue of reasonableness of refusal was readily apparent:

"The officer's report itself, absent the officer's testimony, will ordinarily be the only evidence presented by the State to establish the unreasonableness of the refusal to take the chemical test. The instant case demonstrates the filing of such a report creates a presumption that refusal to take the chemical test was unreasonable. The report contains three 'statements of fact' which do not deal with the 'reasonableness' of the refusal. The first states the officer had reasonable grounds to believe the person was operating a vehicle under the influence of alcohol. The second states the arrest was lawful and the person refused the test. The third states that, to the best of the officer's knowledge, the refusal was knowing, intelligent, free and voluntary. Such a refusal could be either reasonable or unreasonable. Cross-examination might reveal the facts upon which the officer relied in making these statements of fact, and, in a given situation, these statements could be brought into serious doubt through cross-examination. Without cross-examination, the hearing board has before it an unimpeachable report as evidence against the word of a self-interested licensee. The result is predictable." 234 Kan. at 247.

The department also argued that K.S.A. 8-255(b) (Weeks) made the issuance of the subpoenas discretionary. See K.S.A. 8-255(b) (Weeks) ("Upon such hearing, the director or the director's duly authorized agent may administer oaths and *may* issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require an examination or reexamination of the licensee."). We noted however:

"Assuming the issuance of subpoenas is a discretionary function, where the attendance of the arresting officer or other relevant witnesses is requested by the licensee to establish the validity of the verification of the refusal report or the reasonableness of the licensee's refusal to submit to the chemical test, the refusal to issue subpoenas to compel the attendance of those witnesses at the hearing is an abuse of the agency's discretion. This does not suggest, however, that the licensee's right to have witnesses subpoenaed for the hearing is unlimited. The Director of Vehicles is entitled to exercise his discretion to limit the subpoenas issued to those persons whose testimony is relevant to the issues to be determined at the hearing." 234 Kan. at 247-48.

In *Carson*, six cases were consolidated for appeal concerning K.S.A. 8-1001 (1982 Ensley), which required the arresting officer to make a report of the refusal verified on oath to the division of vehicles. In each case, the licensee's license was suspended after an administrative hearing where the only evidence presented was the arresting officer's affidavits of refusal. Although the licensees had not requested that the arresting officers be subpoenaed, they

argued in part on petition for review that the arresting officers failure to appear deprived them of their right to confrontation and cross-examination. The district court agreed, finding that due process was violated because the affidavits were insufficient to find the refusals were unreasonable without the presence of the arresting officer.

On appeal, this court framed the principal issue as "whether due process of law and the right of confrontation and cross-examination under the federal and state constitutions require the presence of an *arresting officer* at administrative hearings held pursuant to K.S.A. 8-1001." (Emphasis added.) 237 Kan. at 168. The court considered whether an arresting officer's sworn oath regarding a person's refusal to submit to a chemical test was sufficient on its face to permit suspension of their license consistent with due process. After discussing *Wulfkuhle* and *Illinois v. Batchelder*, 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513 (1983), at length, the *Carson* court concluded that the officer's affidavit per se was insufficient to support the suspension of a person's driving privileges and failed to meet the constitutional requirements of due process of law or the right of confrontation and cross-examination. 237 Kan. at 174.

"As we understand the record in these cases, it was the policy of the KDR to rely on the conclusionary affidavit of the police officer and, if the licensee presented testimony or evidence at the administrative hearing which might support the licensee's contention that the refusal to take the test was reasonable, then the hearing officer continued the hearing to a later date and required the arresting officer, and perhaps other witnesses, to appear to rebut the licensee's position. Such a procedure is not only duplicative but an undue burden upon the taxpaying public, the hearing officer and the licensee. The additional inconvenience and expense to all parties does not justify such a procedure except in unusual or unexpected situations. If the officer's affidavit contains the necessary factual background to support the three 'statements of fact' recognized in *Wulfkuhle and if* the licensee is advised that such affidavit will be taken as true, federal and state due process of law requirements will be adequately met and the affidavit itself will be sufficient to constitute a prima facie case. The burden of proving those alleged facts false or insufficient will then be upon the licensee and if he intends to offer evidence to that effect he must so advise the KDR in sufficient time for it to subpoena the officer or other witnesses. Such a requirement places no unreasonable burden upon the licensee and gives the KDR the opportunity to de-

termine whether to call witnesses in support of its position or whether to rely upon the affidavit. Such a procedure should in most cases avoid the added expense and inconvenience to all parties occasioned by a second hearing and will avoid the calling of unnecessary witnesses. *Of course, if the licensee requests the presence of the officer, or any other relevant witnesses, subpoenas are required to be issued for them. State v. Wulfkuhle*, 234 Kan. 241. In the absence of notice to the KDR that the licensee intends to offer evidence in opposition to the officer's affidavit, the constitutional right of confrontation may be deemed waived." (Emphasis added.) 237 Kan. at 175-76.

While numerous revisions to the implied consent law have been made in Kansas following *Wulfkuhle* and *Carson*, in both of those cases, unlike the case we now consider, the department refused to subpoena the arresting officer and/or a notary public who could testify on the jurisdictional issue of the "sworn affidavit" requirement. No question exists that the arresting officer and the notary public identified by the licensees were relevant witnesses in those cases. In contrast, under the facts of this case, Cross has not demonstrated that she was denied the opportunity to subpoena any relevant witnesses.

The district court found and the record establishes that Officer Steere was the only officer involved in the detention, arrest, and testing of Cross. Steere testified that he was the only officer to conduct the DUI investigation and the field sobriety tests, and he relied upon no outside evidence other than his own observations and conversations with Cross in determining that he had reasonable grounds to ask her to submit to a breath test. Evidence established that other officers at the scene stayed with the injured person, took witness statements, and completed the accident report. Steere arrested Cross, transported her to the law enforcement center, administered the tests, completed the DC-27, and was the only officer to sign the certification form. Under the current law, the certification of the DC-27 was complete upon signing by the certifying officer. See K.S.A. 8-1002(b).

Cross did not testify or present any evidence to the contrary at the hearing or before the district court, nor did she submit affidavits from other witnesses as permitted by K.S.A. 8-1020(l). In the request for admissions before the district court, Cross admitted that she told the officer that she had consumed an alcoholic bev-

erage *and that the officer had reasonable grounds to believe she was operating or attempting to operate a vehicle while under the influence of alcohol.* This admission alone supports the conclusion that reasonable grounds existed for the officer to ask her to submit to a breath test. While Cross' counsel told the district court that these admissions were merely framing issues since they were not raising this issue before the district court other than regard to her inability to have a fair hearing at the administrative level; no evidence was presented or proffered to contradict the testimony of Officer Steere.

On appeal, Cross asks this court to speculate that "other relevant witnesses" existed who were denied access to her administrative hearing by the operation of K.S.A. 8-1020(g). Without identifying the witnesses below or proffering their testimony at either the administrative hearing or the trial de novo, Cross provides this court with no means to review her claim other than to simply believe that such witnesses existed. However, an appellate court may not speculate as to what may have existed at the time of the hearing but rather must consider the evidence of record and base its decisions on facts in the record.

In light of Officer Steere's uncontradicted testimony, Cross' own admissions, and her mere speculation as to how these other witnesses might testify, Cross has not established that other witnesses were relevant to establish the absence of reasonable grounds to ask her to submit to the test. As the certifying officer, Steere was subject to subpoena under K.S.A. 8-1020(g), and Cross had the opportunity to cross-examine the only officer who made the observations and assessments and administered the breath test.

Based upon the facts of this case, we hold that K.S.A. 8-1020(g), as it applied to Cross, did not deny her due process of law at her administrative hearing. Accordingly, Cross has no standing to make a facial constitutional attack upon the provisions of K.S.A. 8-1020(g). See *Thompson*, 237 Kan. at 563.

Affirmed.

GERNON, J., not participating.
LARSON, S.J., assigned.