(163 P.3d 320)
No. 94,418

WILLIAM A. WHITE, ANTHONY W. LOREG, JOSEPH W. SHAVER,
MITCHELL L. KOERNER, REBECCA HOLLOWAY, ERIC PATRICK
MORTENSEN, JUSTIN MILES McDONALD, JOHN WICKHAM,
MARC A. HUDSON, and CHRISTOPHER JOHN HANN, *Appellants*,
v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

Opinion filed September 15, 2006.

*Michael S. Holland II* and *Michael S. Holland,* of Holland and Holland, of Russell, for appellants.

*John D. Shultz,* of Kansas Department of Revenue, for appellee.

Before JOHNSON, P.J., ELLIOTT and BUSER, JJ.

JOHNSON, J.: William A. White, Anthony W. Loreg, Joseph W. Shaver, Mitchell L. Koerner, Rebecca Holloway, Eric Patrick Mortensen, Justin Miles McDonald, John Wickham, Marc A. Hudson, and Christopher John Hann (collectively referred to as the appellants) appeal the district court's dismissal of their petitions for judicial review of their driver's license suspensions through the agency action of the Kansas Department of Revenue (KDR). We affirm.

All of the suspensions followed arrests for driving under the influence (DUI). Each appellant requested and received an administrative hearing, after which KDR issued an administrative order affirming the driver's license suspension for each appellant. Each appellant then filed a petition for judicial review with the district court. In each case, KDR moved to dismiss the petition, claiming that it did not contain the information required by K.S.A. 77-614(b).

The district court consolidated the cases for the purpose of considering KDR's dismissal motions and ordered the parties to brief the issues. Ultimately, the district court granted the motions, filing its dismissal order on February 1, 2005, in which the court

"[adopted] as its own the suggested findings of fact and conclusions of law set forth in KDR's brief." The dismissal order also recited:

"This follows the decision of *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37 (2001), in which the court held that the required elements of K.S.A. 77-614(b) are jurisdictional, and which rejected the prior decisions of *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354 (1995) and *Karns v. Kansas Bd. of Agriculture*, 22 Kan. App. 2d 739 (1996)."

At the appellants' requests, the district court consolidated the cases to appeal the dismissals. In the consolidated appeal, appellants make two arguments, which we will rephrase as follows: (1) in finding that strict compliance with the pleading requirements of K.S.A. 77-614 is jurisdictional, the district court misapplied the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, and corresponding cases and failed to consider that their agency appeal was subject to a de novo review; and (2) the appellants' petitions satisfied the requirements of K.S.A. 77-614.

## STANDARD OF REVIEW

To the extent that we must interpret the KJRA or other statutes, our review is unlimited. *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 39, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002). Likewise, the existence of jurisdiction is a question of law, subject to unlimited review. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

## STRICT COMPLIANCE WITH K.S.A. 77-614

Pursuant to K.S.A. 8-259(a), the appellants' driver's license suspensions were "subject to review." Accordingly, the district court had statutory authority to acquire subject matter jurisdiction of these cases. Two statements in K.S.A. 8-259(a) are particularly germane to this appeal: (1) "Such review shall be in accordance with the act for judicial review and civil enforcement of agency actions [KJRA]."; and (2) "The action for review shall be by trial *de novo* to the court."

KDR focuses on K.S.A. 8-259's incorporation of the KJRA and that Act's specific requirements for commencement of review, contained in K.S.A. 77-614(b), which provides:

"(b) A petition for judicial review shall set forth:
(1) The name and mailing address of the petitioner;
(2) the name and mailing address of the agency whose action is at issue;
(3) identification of the agency action at issue, together with a duplicate copy, summary or brief description of the agency action;
(4) identification of persons who were parties in any adjudicative proceedings that led to the agency action;
(5) facts to demonstrate that the petitioner is entitled to obtain judicial review;
(6) the petitioner's reasons for believing that relief should be granted; and
(7) a request for relief, specifying the type and extent of relief requested."

KDR contends the appellants' petitions did not set forth all of the information required by the KJRA and, therefore, did not invoke the jurisdiction of the district court. KDR relies on this court's prior holding in *Pittsburg State University*, which concluded: "A petition for judicial review of an agency action is jurisdictional. Failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 30 Kan. App. 2d 37, Syl. ¶ 3.

In reaching its decision, the *Pittsburg State University* court rejected the previous holding of *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 357, 887 P.2d 1147 (1995), that the specific pleading requirements of K.S.A. 77-614(b) are not jurisdictional so long as the petition provides appropriate notice of what is being appealed. *Pittsburg State University* noted that the *University of Kansas* opinion was criticized by then Chief Judge Brazil in his concurring opinion to *Karns v. Kansas Bd. of Agriculture*, 22 Kan. App. 2d 739, 750, 923 P.2d 78 (1996), where he stated:

"In forming its holding, the *University of Kansas v. Department of [Human] Resources* court noted that there are no Kansas cases which address this issue. The court then analogized cases under Chapter 60 which indicate that a failure to plead with specificity is not considered a jurisdictional defect. The inherent problem with such an analogy, however, is that the very issue involved is whether, pursuant to the KJRA's directive, administrative agency actions are to employ the same pleading procedures as general civil cases."

Additionally, the *Pittsburg State University* opinion quoted from Professor Ryan's analysis in *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 67 (1985):

" 'Obviously, the KJRA contemplates a petition that goes beyond the simple "notice" petition which was conceptually the cornerstone of the new Code of Civil Procedure a few decades ago in this state. The reason is quite simple. By having a universal remedy that is universally available under one form of action no matter what type of agency action is challenged, the petition itself becomes significant in terms of identifying the type of agency action challenged. It is important to know whether the agency action is basically a rule challenge or is appeal of a specific order. One reason is critical. The timeliness for filing the different types are significantly different . . . . In addition, because the remedies under K.S.A. 77-622 constitute the broad range of all remedies conceptually available, then the kind of agency action complained of need be identified as well as the kind of relief requested. In other words, specificity in pleading is necessary to provide a more manageable framework for processing the petition within this "universal" appeal structure.' [Citation omitted.]" 30 Kan. App. 2d at 45.

Appellants attempt to distinguish *Pittsburg State University* based upon the applicable standard of review. They point out that in the more typical KJRA case, such as *Pittsburg State University*, the court is reviewing the record of the agency action utilizing a substantial competent evidence standard. In contrast, K.S.A. 8-259(a) specifically provides for a trial de novo of a driver's license suspension, and there is typically no transcript of the administrative hearing.

Appellants characterize the K.S.A. 8-259 trial de novo review as starting over except for the possible restriction of being limited to the issues raised at the administrative hearing. As such, the parties will conduct discovery, file motions, and perhaps have a pretrial order. In other words, the proceeding is more akin to an original civil proceeding. Therefore, they contend that Professor Ryan's explanation for the necessity of requiring specificity in the review petition does not apply to a trial de novo. Appellants suggest that a petition for review which clearly gives notice to the proper parties of the issues being appealed should be sufficient, apparently intimating that the liberal notice pleading provisions of the Code of Civil Procedure should govern a petition for judicial review pursuant to K.S.A. 8-259.

Appellants' arguments have some practical appeal. As they point out, the KDR was apparently able to participate in huge numbers of driver's license suspension judicial review proceedings before it decided to challenge the specificity of these petitions. Further, some of the agency's challenges appear hypertechnical, at best, and devoid of any prejudice to the agency. Nevertheless, our function is simply to construe the applicable statutes, using the familiar rules:

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

Plainly, K.S.A. 8-259(a) says that a judicial review of a driver's license suspension is to be in accordance with the KJRA. The statute does not excise that portion of the KJRA which specifies the content of the petition for review. Just as plainly, the KJRA says that the petition for review "shall" contain certain specific information. K.S.A. 77-614(b). That provision makes no distinction based upon the applicable standard of review and does not exempt trials de novo from the specific pleading requirements. Appellants would have us rewrite the statutes. However, "a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

We perceive that the only way in which we could find that strict compliance with K.S.A. 77-614(b) is not required would be to reject the *Pittsburg State University* holding in favor of the previous holding in *University of Kansas*. However, we perceive our Supreme Court's decision in *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 106 P.3d 492 (2005), suggests that it would concur that strict compliance with K.S.A. 77-614(b) is necessary.

*Pieren-Abbott* also involved a review of a driver's license suspension, although it applied the provisions of K.S.A. 8-259 and

K.S.A. 8-1020(o) in the context of service of process upon the Secretary of Revenue. The opinion mentioned that *Pittsburg State University* had rejected the notice pleading standard applied in *University of Kansas*. It noted that one commentator had criticized the *University of Kansas* decision, arguing that the KJRA applies a more stringent standard than the Code of Civil Procedure. *Pieren-Abbott* then proceeded to adopt another aspect of the *Pittsburg State University* opinion when it held "that the Code of Civil Procedure may be used by the district court to supplement the KJRA if the provision is a logical necessity that is not addressed within the KJRA." 279 Kan. at 97.

*Pieren-Abbott* did not specifically say that it approved of that portion of the holding in *Pittsburg State University* which found that compliance with the specific pleading requirements of K.S.A. 77-614(b) is jurisdictional. However, the opinion clearly stands for the proposition that the provisions of the Code of Civil Procedure cannot trump a specific provision of the KJRA. Given that the KJRA specifies the required content of a petition for review, the liberal pleading provisions of the Code of Civil Procedure simply do not come into play. Accordingly, we apply the holding in *Pittsburg State University* to find that the appellants were required to strictly comply with pleading requirements of K.S.A. 77-614(b) in order to invoke the jurisdiction of the district court.

Before proceeding to the second issue, we pause to acknowledge appellants' lengthy discussion of *Cross v. Kansas Dept. of Revenue*, 279 Kan. 501, 110 P.3d 438 (2005). Basically, *Cross* held that the evidentiary restrictions placed upon a licensee at the administrative hearing do not violate due process, because a licensee can obtain a trial de novo that provides a full and complete opportunity to be heard, during which the licensee will retain his or her driving privileges. Appellants contend that this unique aspect of driver's license suspension proceedings corroborates its argument that the K.S.A. 8-259 petition for judicial review upon a trial de novo should be governed by a notice pleading standard. Simply put, the *Cross* holding does not change our analysis.

*COMPLIANCE WITH K.S.A. 77-614(b)*

Alternatively, appellants argue that their petitions for review did strictly comply with the pleading requirements of K.S.A. 77-614(b). The parties do not dispute the applicable facts, resulting in a legal question turning upon statutory interpretation. Our review is unlimited. See *Pittsburg State University*, 30 Kan. App. 2d at 39.

Appellants' brief reviews the seven sub-paragraphs of K.S.A. 77-614(b), explaining why their petitions strictly complied with each requirement. However, the appellants trip over the first hurdle. K.S.A. 77-614(b)(1) requires that the petition shall set forth the name and mailing address of the petitioner. Appellants do not dispute that none of their petitions contained the petitioner's mailing address.

Appellants point out that the petitions included their attorney's address and indicated that the agency was to serve its answer upon the attorney. In arguing that this information was compliant, appellants return to their theme that the proceeding is a trial de novo which is more akin to a civil action than a typical review of agency action. Therefore, they argue for the application of the rules of civil procedure which require pleadings and correspondence to be directed to the plaintiff's attorney and not directly to the plaintiff.

As clarified in *Pieren-Abbott*, the rules of civil procedure can supplement the KJRA where necessary to fill in the gaps, but the Code of Civil Procedure cannot alter or override express provisions of the KJRA. 279 Kan. at 96-97. The KJRA contains an express provision for service of pleadings not found in the Code of Civil Procedure. K.S.A. 77-613(e) mandates that "[s]ervice of an order, pleading or other matter shall be made upon the parties to the agency proceeding *and* their attorneys of record, if any . . . ." (Emphasis added.) Thus, the inclusion of petitioner's mailing address in the petition for judicial review serves a specific purpose in a KJRA proceeding which is not present in an action governed by the Code of Civil Procedure.

In *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 342, 969 P.2d 875 (1998), our Supreme Court found that an administrative order sent to the complaining party's attorney, but not to the com-

plaining party, did not strictly comply with K.S.A. 77-613(e). Therefore, appellants' direction to the KDR to serve its pleading only upon petitioners' attorney was an invitation for the agency to violate its duty under the KJRA.

Therefore, we find that the failure to include each petitioner's mailing address in the respective petition for judicial review was a critical omission, prejudicial to the KDR. The petitions did not strictly comply with the requirements of K.S.A. 77-614(b)(1) and, therefore, the petitioners did not invoke the jurisdiction of the district court to judicially review the agency action.

Affirmed.